## MAULDIN et al. v. CRIDER.
### No. 8747.

Court of Civil Appeals of Texas. Austin.

Dec. 21, 1938.

H. H. Sagebiel and Arthur Stehling, both of Fredericksburg, for plaintiffs in error.

N. T. Stubbs, of Johnson City, for defendant in error.

McCLENDON, Chief Justice.

This is a boundary suit brought in form in trespass to try title by Crider (appellee) against Mauldin and other appellants. Other defendants not appealing need not be noted. The real controversy revolves around the location of N. line of the Newman and Williamson (Sylvester Tract), the E. line of the J. M. Holden 160-acre tract, and the E. line of the L. M. Sharp

207.5-acre tract, and the E. Stribling 200-acre homestead tract, all subdivisions of the Gilbert League in Blanco County. The following map of the E. portion of the Gilbert league will facilitate a clear understanding of the points of contention. The W. portion of the league is omitted since it is not involved in the controversy.

According to its patent calls the league is 5099 varas square. The S. E. corner is not in dispute. The only witness testifying to the location of the N. E. corner placed it 5310 varas N. of the S. E. corner, thus giving the E. line an excess of 211 varas. In 1888 the admittedly then owners of the league partitioned it

among themselves by an agreed judgment, which first divided the league into two parts, one of which, consisting of 960 acres, was set apart to the defendants Robinson, Pryor, and Newton; the remainder being set apart to plaintiffs. The decree then proceeded to partition the latter portion among the several plaintiffs. The tract set apart to plaintiffs called to begin at the S. W. corner of the league; thence N. 5099 v. to its N. W. cor. (bearings given); thence E. 3199 v. stake in N. B. L.; thence S. 2850 v. stake; thence E. 1900 v. to stake in E. B. L.; thence S. with said line 2249 v. to S. E. cor. (bearings given); thence W. 5099 v. to beginning. The 960 acres called to begin at the N. E. cor. of the league; thence W. with the N. B. L. 1900 v. to stake in said line; thence S. 2850 v. to stake; thence E. 1900 v. to stake in E. B. L.; thence N. with said line 2850 v. to beginning. Out of the plaintiffs' portion four tracts were set apart in severalty which will be noted, the others being unimportant. These four were the Gilbert and Morrow (G. & M.) 160 acres; the T. M. Miller 1142 acres; the Joana House 50 acres; and the Newman and Williamson (Sylvester tract) 500 acres. The G. & M. 160 a. called to begin in the N. B. L. of the league 1900 v. W. from its N. E. cor.; thence S. 1186 v.; thence W. 768 v.; thence N. 1186 v. to N. B. L.; thence E. with said line to beginning. The Miller 1142 acres called to begin at the S. E. cor. of the G. & M. 160 a.; thence S. 1596 v.; thence E. 518.5 v.; thence S. 2249 v. to S. B. L.; thence W. 950 v.; thence N. 1181 v.; thence E. 85 v.; thence N. 1357 v.; thence E. 1657 v. to beg. The House 50 a. called to beg. on the E. B. L. of the league at the S. E. cor. of the 960 acres; thence S. with said E. B. L. 531 v.; thence W. 531 v.; thence N. 531 v.; thence E. 531 v. to beg. No calls for lines, corners, or natural objects, other than as stated, are given in the field notes of these tracts.

It will be observed that while the partition between plaintiffs and defendants, and among the several plaintiffs appears in the same instrument, and the manifest purpose was to partition the entire league, there are no calls for adjoinder of the several tracts except that in the Miller for S. E. G. & M.; and that in the House for S. E. 960.

By deed dated October 15, 1891, Miller conveyed to Sharp the 207.5–acre tract, described to begin 1384.5 v. W. of the S. E. cor. of the league on its S. B. L. at a stone mound from which a Spanish oak 4 in. in dia. brs. S. 5 v.; thence W. 1217.7 v. to stone (bearings given); thence N. 963 v. to stone mound (bearings given); thence E. 1217.4 v. to stone mound (bearings given); thence S. 963 v. to beg. Miller conveyed the Holden 160 a. tract by deed dated October 10, 1891 (five days before date of Sharp's deed). However, the Holden deed calls to begin "at the N.E. cor. of a tract of 207-½ acres this day conveyed by me, T. H. Miller to L. M. Sharp"; thence W. 608-⁷⁄₁₀ v. to stake in Sharp N. line; thence N. 1484 v. to stake; thence E. 608.7 v. to stone mound (bearings given); thence S. 1484 v. to beg.

Sharp, who parted with his title to the 207.5-acre tract December 24, 1892, was a wholly disinterested witness, and testified that when he purchased the tract in 1891 Miller surveyed it and established its S.E. corner at a point some 150 yards west of an elm corner (now recognized as the S. W. corner of the Sylvester tract). Sharp was corroborated by other witnesses regarding the recognized S. E. corner of the 207.5 acres. The jury found that the Sharp's 207.5-acre S. E. cor. was 1573.5 v. W. of the league's S. E. cor.; placing it where Sharp testified Miller had located it. This leaves a strip 192 v. wide between the Sharp and the Sylvester tracts.

Crider's title is deraigned from E. Stribling who executed a trust deed conveying the property in 1920. This instrument described the property as beginning at the league's N. E. cor.; thence S. 3381 v. to cor. on E. B. L.; thence W. 531 v.; thence N. 531 v.; thence W. 1369 v. to S. W. cor. of the 960-acre (Robinson & Pryor) tract; thence S. 1484 v.; thence E. 518.5 v.; thence S. 765 v. more or less to S. B. L. of the league; thence W., etc., to beg. (calls omitted as unimportant). This trust deed was later foreclosed as to all the land therein described, excepting, however, two tracts: (1) a tract of 300 acres not here involved, and (2) 200 acres constituting the Stribling homestead exemption, described as follows:

"Beginning on the North line of the Sylvester subdivision of original survey No. 11 in the name of John Gilbert, at a stone mound at a fence, 205 varas West from the Northeast corner of said Sylvester tract; Thence West 1148 varas a stone mound on the North line of a tract of land

belonging to Mrs. L. F. Stribling; Thence North 1124 varas a stone mound for Northeast corner; thence East 864 varas to stone mound for N. E. Cor; Thence South 324 vrs. to corner of a field fence; Thence S. 17 deg. W. with fence, 213 varas to a corner; Thence S. 63 deg. with fence, 360.5 varas to corner; Thence S. 3-½ deg. E. 435 varas with fence to place of beginning."

The lines of this homestead tract are well established on the ground according to testimony which was undisputed. The controversy as to its true location arises from the fact that its beginning (S.E.) corner is called to be 205 v. W. of the Sylvester N. W. cor. Crider contends that the Sylvester N.W. cor. is correctly located 531 v. W. and 2249 v. N. of the league S.E. cor., and that the S.E. cor. of the homestead tract must be located 205 v. W. of this point. This point is 211 v. S. and 364 v. E. of the true location on the ground of the homestead tract S.E. cor. Aside from the fact that the evidence conclusively shows the location on the ground of the homestead tract, there are two insurmountable obstacles to locating it 211 v. S. of such location. The land described in the trust deed and foreclosure decree places the S. line of the 960 acres at 2850 v. S. of the N. E. cor. of the league. This line is the S. line of the land embraced in the trust deed and decree W. of the House 50 a., and is 211 v. N. of the Sylvester N. line, if that line is only 2249 v. (its called distance) from the league S. line. Therefore, to locate the homestead tract 211 v. S. of the 960 a. S. line would place it in conflict with lands to the south of the 960 a. tract, and embrace land not within the boundaries of that described in the trust deed and the foreclosure decree thereunder. Furthermore, the homestead residence is so close to the N. line of the homestead tract as located on the ground as to throw it outside the boundaries of the tract, if it be located 211 v. farther south. The call for the Sylvester N.E. cor. is a palpable mistake, and this whether that corner is properly located 2249 v. or 2460 v. N. of the league S. line.

In his petition Crider (plaintiff below) described his land as beginning at the N. E. cor., of the Sylvester (bearings given); thence S. 531 v. (bearings given); thence E. 531 v. to E. B. L. of league; thence N. 3500 v. more or less to league N.E. cor.; thence W., etc., by various calls to the S. W. cor. of the Sylvester (bearings given

as elm corner which is 1381.5 v. W. of league S.E. cor.); thence N. 2249 v. Sylvester N.W. cor. (bearings given); thence E. 850.5 v. to beg.; excepting therefrom the homestead tract which is described to begin 205 v. W. of the Sylvester N. E. cor. as located in the petition; and the Holden tract which is described to begin for its S.E. cor. on the W. B. L. of the Sylvester 763 v. N. of its S.W. cor.; course and distance from that corner according with the original Miller-Holden deed. The petition also contained the following allegation:

"Plaintiff also shows the court that the principal issue in this case is a question of boundary between them; that as to the title to the land claimed herein, the plaintiff and defendants claim their respective titles through and under E. Stribling as a common source; and that the title to all of said land has passed out of the State of Texas by proper patent to same."

Appellants disclaimed as to all lands embraced in Crider's petition other than as to six tracts specifically described in their answer, title to which they asserted. Of these six tracts only four need be noticed: (1) the homestead 200 a. tract, described as in the foreclosure decree; (2) 415 acres out of the Sylvester tract, described as in the partition decree; (3) the Holden 160 a. tract described to begin for its S.E. cor. at the N. E. cor. of the Sharp 207.5-acre tract; (4) the 83.6 a. tract described to begin at the S.W. cor. of the Sylvester; thence N. 2460 v.; thence W. 192 v.; thence S. "with old marked line at 1883 vrs. the N.E. corner of L. M. Sharp" at 2460 v. S.E. cor. of Sharp; thence E. 192 v. to beg. Various other bearings are given which need not be noted.

The decree in the case at bar awarded Crider all land within the following boundaries:

Beg. at cor. of Sharp 207.5 a. "at an established corner in the south line of the league, which corner is 1573-½ varas West of the accepted and now established South East corner of said Gilbert League"; thence N. 967 v. to N. E. cor. of Sharp; thence W. 608.7 v. to S.W. cor. of Holden; thence N. 1493 v. to N.W. cor. thereof; thence E. 140 v. more or less passing S.W. cor. of the 960 a.; thence N. 1124 v. to N.W. cor. of Homestead; thence E. 864 v. to its N.E. cor; thence S. 324 v., S. 17 W. 213 v., S. 63 E. 360.5 v., S. 3-½ E. 435 v.; thence E. 205 v. to cor. of fence;

thence S. 531 v. to cor. of fence; thence E. 531 v. to E. B. L. of league; thence N. 3381 v. to N. E. cor of league; thence W., etc., by various calls not necessary to note to the beg.

Appellants urge four assignments of error which we will consider in the following order:

The third assignment complains of the judgment in so far as it awarded title to Crider to any of the lands he claimed, on the ground that he wholly failed to prove any title or right of possession thereto. This assignment is predicated upon the failure of Crider to introduce the order of sale supporting the sheriff's deed under the foreclosure of the E. Stribling deed of trust. This assignment is untenable for two reasons:

■ 1. Appellants' disclaimer relieved Crider of the necessity of proving title to any of the lands other than those to which appellants asserted title. See 41 Tex.Jur. p. 574, § 94, and authorities cited.

■ 2. It was agreed that the parties to the suit partitioning the league owned the entire league. Crider introduced a regular chain of title from owners under that decree to himself. As stated this title was deraigned through E. Stribling and the decree foreclosing the trust deed including the sheriff's deed under that decree. No objection was made to the introduction of that deed or to any of the subsequent title documents. After Crider had introduced his title documents, including the sheriff's deed, appellants' attorney stated that it was agreed "that the documentary evidence introduced by plaintiff in this case will incur (inure) to the benefit of the defendants without the necessity of reintroducing it, and that it is in the record for all purposes just the same as though the defendants have introduced it." To this statement Crider's attorney replied: "That is all right, we will just consider that it was introduced by the defendants too." Under this agreement appellants themselves manifestly offered in evidence the sheriff's deed, clearly thereby waiving any objection to its proper place in the evidence.

The first and second assignments complain of the inclusion of two tracts of land containing 5 and 10 acres respectively, immediately west of the House 50 a. tract. These assignments are sustained. It will be observed that the call in the decree from the S.E. cor. of the homestead tract is thence E. 205 v. This latter point is 690 v. W. of the league E. line and 159 v. W. of the W. line of the House 50 a. This call should be corrected to read, "thence E. 364 v."

■ The fourth assignment complains of the judgment in that it taxes all the costs against the defendants (appellants). This assignment is also sustained. Crider recovered none of the land for which he sued other than that as to which appellants disclaimed. See V. A. R. C. S. Art. 2056, and authorities cited under Note 10; 41 Tex.Jur., p. 578, § 96, and authorities there cited.

Crider has cross-assigned error upon the refusal of the court to award him all the land within the boundaries set forth in his petition, predicated upon the disclaimer of appellants and the asserted uncontradicted evidence. His contentions in this regard are substantially as follows:

■ 1. The S. E. cor. of the Sharp as described in the Miller-Sharp deed is on the league S. B. L. 1381.5 v. W. of the league S.E. cor.; whereas the decree locates the Sharp S.E. cor. 192 v. farther W. As already stated, Miller himself established this corner on the ground giving (in addition to the distance call from the league S.E. cor.) marked bearings. This corner has always been recognized as the true Sharp S.E. cor. and the jury found it to be properly so located. The call for distance from the S.E. cor. of the league must give way to the actual location on the ground.

■ 2. The homestead 200-acre tract must be located at 205 v. W. of the Sylvester N.E. cor. as that corner is located by the original field notes of the Sylvester 2249 v. N. of the league S. line. We have already disposed of this contention above.

■ 3. The E. and W. lines of the Sylvester according to its original field notes and appellants' disclaimer are 1718 v. and 2249 v. respectively. This location would leave a strip 211 v. wide S. of the 960 a. S. line and another strip of the same width S. of the House 50 a. S. line, which strips are included in the disclaimer and excluded from Crider's recovery in the decree. These two strips should therefore be included in the Crider decree in any event, so Crider contends. As we have already pointed out, the partition decree manifestly was intended to include all land in the league, and leave no part

of it unpartitioned. The calls for distance in the Sylvester original field notes were obviously predicated upon the assumption that there was no excess in the E. line of the league. Under these circumstances, we think the N. lines of the Sylvester should coincide with the S. lines of the 960 a. and House 50 a. Furthermore, Crider stated in his petition that the suit was one of boundary and that E. Stribling was the common source of title. He also made this latter statement in open court during the trial. His claim of title under E. Stribling clearly excluded these two strips from the lands he owned. Under these circumstances, we hold that the trial court was warranted in excluding them from his recovery.

In so far as the decree taxes the costs against appellants it is reversed. The decree is reformed by substituting for the field note call, "Thence East 205 varas to corner of a fence," the following, "Thence East 364 varas to the Northwest corner of the Joana House 50-acre tract," and as so reformed it is affirmed. All costs of all courts are taxed against appellee.

Reformed and affirmed.