in the property. On appeal, Taylor[1] argues that the trial court erred in finding that (1) the 31 heirs were the sole owners of the property and (2) the property could not be partitioned and (3) in ordering that the property be sold and the proceeds divided among the parties.[2] We affirm the trial court's judgment.

Only Taylor and Hill testified at the hearing. Hill testified that she was one of Louis's 13 children and that the named plaintiffs and defendants were all of Louis's heirs. Hill testified that Louis conveyed the property to his children before he died, introducing a warranty deed dated April 11, 1984, as the deed "that conveyed title from [Louis] to the 13 children." The deed, which is registered in Lee County records, is not signed by Louis, but rather by Clifford Marine; under Marine's signature appears the following: "Louis Taylor    Clifford Marine." Taylor did not object to the admission of the deed. Hill described the property as a 100-acre square and testified that a farm-to-market road, which runs along one side, takes up 3 acres and that the property fronts on Highway 77. At least one side is bounded by other property. The only improvement is an old house in poor condition; at the time of the hearing, Hill's brother was living in the house and joined Hill as a plaintiff. Hill said that the property produced income through a hay lease. Proceeds from the lease were deposited into a bank account, and taxes were paid from the account. Hill believed partition was impractical because there were too many heirs. She said, "We have discussed [partition] between all of us, and we just can't see that there is a reasonable way to do that."

---

[1] The other two heirs named with Taylor as defendants did not appeal from the judgment.

[2] Although Taylor fails to present an argument in support of his third issue, because it is closely related to the second issue, for which argument is presented, we will consider the two issues together. *See* Tex. R. App. P. 38.1(h) (failure to present argument results in waiver of issue).

Taylor testified that he and the other two parties named as defendants wanted the property partitioned. He testified that he had calculated his interest in the property as 1.25 percent of the 100 acres, and he and the other two defendants wanted to take as their portion the corner "out towards 77 and the county market road." Asked if he thought it was fair that he should get the corner bounded by well-traveled roads while the others received "a less desirable tract," he answered, "Well, I wouldn't consider it's less desirable. They want to sell. And we are entitled to our part."

Taylor first contends that the evidence is legally and factually insufficient to support the trial court's finding that the 31 heirs were the sole owners of the property, attacking the validity of the deed because it was signed by Clifford Marine, not Louis Taylor.

The parties did not request and the trial court did not file findings of fact and conclusions of law. Therefore, it is implied that the court made all findings necessary to support its judgment. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). Because the record includes the reporter's record, Taylor may challenge the legal and factual sufficiency of the implied findings, and we will review those arguments under the same standards used to review jury findings. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *see BMC Software*, 83 S.W.3d at 795. In reviewing legal sufficiency, we view the evidence in a light that tends to support the disputed finding, disregarding contrary evidence and inferences. *Sibley*, 111 S.W.3d at 52. In reviewing factual sufficiency, we consider all the evidence and will uphold the finding unless the supporting evidence is so weak or the finding so against the overwhelming weight of the evidence as to be manifestly unjust. *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 551-52 (Tex. App.—Austin 1999, pet. denied).

3

Under the property code, a conveyance of property must be in writing and signed by the grantor or his "agent authorized in writing." Tex. Prop. Code Ann. § 5.021 (West 2004). However, a plea that a deed or other instrument was executed without authorization must be verified by affidavit stating that the affiant believes "that such instrument was not executed by the decedent or by his authority." Tex. R. Civ. P. 93(7). Without that sworn plea, "the instrument shall be received in evidence as fully proved."[3] *Id.*

Hill testified that the deed was intended by Louis to transfer ownership of the property to his heirs, and Taylor did not object to the deed, raise any issues related to Marine's authority to sign the deed on Louis's behalf, or voice any other concerns regarding the deed's validity in the trial court.[4] Taylor therefore waived any complaint as to the deed's admission. *See id.*; *Mauldin v. Crider*, 123 S.W.2d 472, 476 (Tex. Civ. App.—Austin 1938, no writ) (failure to object to deed as lacking in formal requirement waived objection); *see also* Tex. R. Civ. P. 94 (affirmative defenses of fraud or duress must be pleaded). Not only did Taylor not object to or attack the deed, he testified that he believed he had a 1.25 percent ownership interest in the property, demonstrating that he believed the deed properly conveyed the property from Louis to Louis's heirs. *See Burton v. Kirby*, 775 S.W.2d 834, 837 (Tex. App.—Austin 1989, no writ) (party waived objection to evidence by failing to object and by offering similar evidence himself); *see also Dohoney v. Womack*, 19 S.W.

---

[3] Even if a person lacks authority to sign a deed on behalf of a grantor, the deed is ratified if the grantor is present and authorizes the signature, either implicitly or expressly, or otherwise approves the signature. *Mondragon v. Mondragon*, 257 S.W. 215, 216 (Tex. 1923).

[4] Taylor argues that he preserved his argument by his motion for new trial. However, his motion states only that there was no or insufficient evidence to support the trial court's judgment. It does not set out any allegations about the deed or raise any concerns about Marine's signature.

4

883, 883 (Tex. 1892) (defendant waived any error related to introduction of deed by introducing similar evidence later). Finally, as noted by Hill, even if the deed were flawed or procured by improper means, the parties, by registering the deed, paying taxes, and using and living on the land for more than five years, had through adverse possession acquired title. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.025 (West 2002). The evidence is legally and factually sufficient to support the trial court's finding that the 31 named heirs were the owners of the property. We overrule Taylor's first issue on appeal.

Taylor next contends that the evidence is legally and factually insufficient to support the trial court's findings that the property could not be partitioned and that it should be sold and the proceeds distributed. Taylor correctly asserts that the law favors partition in kind over partition in sale. *See Cecola v. Ruley*, 12 S.W.3d 848, 853 (Tex. App.—Texarkana 2000, no pet.). Therefore, a party seeking partition in sale must show that partition in kind is impractical or unfair. *Id.* at 853-54. However, partition in kind is only proper if the property is "susceptible of a fair and equitable division." *Robertson v. Robertson*, 425 S.W.2d 707, 709 (Tex. Civ. App.—Houston [14th Dist.] 1968, no writ). The party seeking to have the property sold need not show that partition in kind is physically impossible, but only that partition in sale would best serve the parties' interest and restore or preserve the maximum value of the property. *Cecola*, 12 S.W.3d at 855; *Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App.—Texarkana 1990, no writ).

Hill testified that partition in kind was not practical and that the parties had tried but failed to agree on a division. There are 31 heirs, with interests ranging from 7.7 percent to 0.14 percent, and slicing the 97 acres into 31 segments, ranging from about 7.5 acres to 0.13 acres, appears impractical and could essentially deprive the smallest interest holders of any value in their

5

inheritance. Further, the property is not bounded on all sides by road access, and some of the tracts would almost certainly be landlocked. Taylor's assertion that he should be allowed to carve out his portion from the corner bounded by the highway and a county road is unfair to the remaining heirs because the value of the remaining property would be depreciated by the removal of a valuable corner. The evidence is both legally and factually sufficient to support the trial court's findings that the property was not susceptible to an equitable partition in kind and that the land should be sold and the proceeds distributed to the heirs. *See Cecola*, 12 S.W.3d at 855-56; *Halamka*, 799 S.W.2d at 354. *Cf. Amerada Petroleum Corp. v. Cheesman*, 223 S.W.2d 74, 76-77 (Tex. Civ. App.—San Antonio 1949, writ ref'd) (partition in kind appropriate because mineral interest was equal under each square foot of property and value of partitioned property exceeded value of property before partition). We overrule Taylor's second and third issues.

We have held that the evidence is legally and factually sufficient to support the trial court's findings that the parties owned the property and that the property could not be partitioned in kind in an equitable manner and should be sold. We therefore affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 1, 2004

6