Brown v. Brown.

## WILLIAM H. A. BROWN
## v.
## CARRIE L. BROWN.

1.   BILL FOR DIVORCE—BIGAMY.—In a bill for divorce brought on the ground that the appellant had a wife living at the time of his marriage with appellee, it is proper for the court to make an order requiring appellant to pay temporary alimony and solicitor's fees.

2.   STATUTE.—The court is of opinion that section 15 of the Divorce Act not only in terms applies to all cases of divorce, but that it was the intention of the legislature to confer upon the court the discretionary power to allow solicitor's fees and temporary alimony in any case where a decree of divorce is authorized by section one.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.   Opinion filed March 31, 1886.

Messrs. STILES & LEWIS, for appellant; that the court had no power to award temporary alimony and solicitor's fees, cited Bird v. Bird, 1 Lee, 621 ; Browning on Marriage and Divorce, 228.

Mr. W. S. JOHNSON, for appellee ; cited Schouler on Husband and Wife, § 529 ; Browne's Dig. Divorce, Part 1.

McALLISTER, J.   This was a bill for divorce brought in the

court below by appellee against appellant, on the ground that the latter had a wife living at the time of his marriage to the former. The bill contains all the requisite allegations an d shows a good case for a divorce under the laws of this State. After answer by defendant and a full hearing upon affidavits by and on behalf of the respective parties, the chancellor made an order requiring defendant to pay complainant one hundred dollars as a reasonable fee for her solicitor. This appeal is from that order. We have examined the proofs upon which that order was based and think it shows a probable cause for a divorce. Complainant was not required to show to the satisfaction of the court that she was entitled to a decree for divorce. It was enough that she had a probable ground. Jenkins v. Jenkins, 91 Ill. 167. By section one of the Divorce Act, it is enacted: "That in every case in which a marriage has been or hereafter may be contracted and solemnized between any two persons, and it shall be adjudged, in the manner hereafter provided, that either party at the time of marriage was and continues to be naturally impotent, *or that he or she had a wife or husband living at the time of such marriage,* etc., it shall be lawful for the injured party to obtain a divorce and dissolution of such marriage contract."

Appellant's counsel con tend that the marriage being absolutely void, our statute confers no authority upon the court to allow either temporary alimony or solicitor's fees. Under the first section, this is clearly a case for a divorce as made by the bill. Section 15 says: "In *all* cases of divorce, the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sums of money as may enable her to maintain or defend the suit," etc. The counsel say that the marriage alleged in the bill being absolutely void it created no such relation as husband and wife ; hence it could not have been intended by the legislature to apply section 15 to such a case, and that this view is strengthened by the provisions of section 19, which expressly authorize the giving alimony when a divorce is granted to a woman who shall in good faith have intermarried with a man, having at the time of such marriage another wife or wives living.

We are of opinion that section 15, aforesaid, not only in terms applies to all cases of divorce, but that it was the intention of the legislature to confer upon the court the discretionary power to allow solicitor's fees and temporary alimony in any case where a decree of divorce is authorized by said section one. The words " husband " and " wife " used in section 15, are words of designation. They are sometimes from necessity or convenience employed in that sense when there is no lawful, but only a *de facto* relation of husband and wife subsisting. It is so in the statute defining bigamy. " Whosoever, having a former husband or wife living, marries another person or continues to cohabit *with such second husband or wife* in this State, shall be deemed guilty of bigamy." We think the authority existed to make the order and it should be affirmed.

Order affirmed.