## Wolf Farber et al. v. Alten Bolotnikoff.

### Gen. No. 12,963.

1. DEFAULT—*what not ground for setting aside.* Where it appears that the defendant seeking to set aside a judgment entered by default relied upon an insurance company to make defense, lack of diligence is established and a motion to set aside the default is properly denied.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 7, 1907.

FOLLANSBEE, MCCONNELL & FOLLANSBEE, for appellants.

SAMUEL H. ROSENBERG, for appellee; WILLIAM H. HOLLY, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee was plaintiff, and the appellants, Wolf Farber and Hyman Wittenberg, were defendants in the trial court, and the parties will be so referred to here. The suit was to recover damages for injuries averred to have been suffered by plaintiff, an employe of defendants, while operating a machine.

The negligence averred is that the defendants furnished an unsafe and unsuitable machine for the plaintiff to operate. As will appear later, it is not necessary to refer more specifically to the averments of the declaration. Summons was issued in the cause March 24, 1905, returnable, as *per praecipe,* to the May term, 1905, of the court. The sheriff's return of the summons is in these words: "Received this writ too late for service, this 13th day of November, 1905." November 13, 1905, an *alias* summons was issued returnable to the first Monday of December, 1905, which day was December 4, 1905. The sheriff returned the *alias* summons, served on the defendant Wittenberg November 18, 1905, and on the defendant Farber November 23, 1905, the last date being fully ten days before December 4th, the first day of the return term. December 11, 1905, the defendants, having failed to appear or plead, were defaulted; on plaintiff's motion a jury was called and empaneled to assess the plaintiff's damages, and assessed his damages at the sum of $1,000, and the court rendered judgment for said sum.

December 13, 1905, the defendants appeared by their attorney and moved the court to vacate the order of default and the judgment theretofore entered. The defendants, in support of their motion, filed their own affidavits and the affidavit of George W. Pensinger. The affidavit of defendant Wittenberg and that of defendant Farber allege, in substance, that the machine, in the operation of which the plaintiff, in his declaration, avers he was injured, was a safe, suitable and simple machine, and easily operated, and that the plaintiff had operated it prior to the time of the alleged accident, and was thoroughly familiar with it and the manner of its operation, and that the accident was due to his own negligence.

As to the reason why the defendants did not defend the suit, Wittenberg, in his affidavit, deposes as follows:

"That, at the time of said injury, affiant's firm was insured against loss or damage happening to its employes, by the New Amsterdam Casualty Company of New York, an indemnity insurance company; that thereby said company had agreed to indemnify said affiant's firm against all loss or damage which might accrue to it by reason of any accident to its workmen, during the time the policy issued by it remained in force; that said policy was in force at the time of said accident; that by the terms of said contract with said Casualty Company, it became the latter's duty to defend any suit that an employe might bring against it, growing out of any accident sustained by him; that this was particularly the case when it was found that no liability upon the part of affiant's firm existed therefor; that, immediately after the accident, affiant's firm notified said Casualty Company, and directed it to ascertain if there was any liability thereon against it, and to defend the same; that he supposed that said Casualty Company was taking due care thereof; that, consequently, affiant's firm took no steps beyond such notice to defend itself."

Defendant Farber, in his affidavit, states the same

reason stated by his co-defendant and partner, Wittenberg, for not defending the suit.

George W. Pensinger deposed as follows:

"Says that he is the chief examiner for the New Amsterdam Casualty Company of New York; that as such it is his duty, whenever an accident occurs in or upon the premises of the parties insured in said company, to investigate the same; that, if he finds that the party in whose employ the person was so injured is not legally liable therefor, it becomes his duty to advise the local agent of said company of the name of an attorney who will defend the suit; that the name of the local agent in said company in Chicago is F. F. Milligan; that, by reason of the absence of affiant from the city of New York, he failed to notify said Milligan of the name of an attorney who should defend said suit, but left the same to W. M. Yeatman, who had charge of the claim department of said company; that said Yeatman understood that, under the direction of said Milligan, an appearance of the company's attorneys in Chicago would be entered in said cause, and thereby a default would be avoided; that for that reason he failed to send any notification thereof to said Milligan; that the failure to file said appearance and plea, in pursuance therewith, was the result of a misunderstanding of his orders in reference thereto in the premises. That, after a full investigation of the case, affiant became satisfied that the said plaintiff was injured through his own fault and negligence, and not through any defect in the machine of defendants, upon which he was working; that therefore, he was not entitled to recover any damages; that affiant had fully determined to make a defense thereto, and supposed that he had taken the necessary steps therefor, and that, but for said misunderstanding above referred to, a plea would have been filed in said cause by the attorneys of said company in Chicago in ample time to have prevented said default and judgment."

The question for decision is whether the trial court abused its discretion in refusing to vacate the judgment by default against the defendants. To entitle

the defendants to have the default set aside, it was not only necessary to show that they had a defense on the merits, but also, that they had exercised diligence to present their defense by plea, and unless they showed such diligence the court did not abuse its discretion in refusing to set aside the default. The defendants, in relying on the Casualty Company, did so at their peril. If one employs an attorney to defend a suit against him, and, by the attorney's negligence, he is defaulted, the fact that he relied on the attorney is no excuse, because the negligence of the attorney is, in law, the negligence of his client. These propositions are supported by the following authorities: Mendell v. Kimball, 85 Ill. 582; Treutler v. Halligan, 86 ib. 39; City of E. St. Louis v. Thomas, 102 ib. 453; Hahn v. Gates, 169 ib. 299; Barrett v. Queen City Cycle Co., 179 ib. 68; Schultz v. Meiselbar, 144 ib. 26.

The affidavits filed in support of the motion show nothing recognized by the law as diligence; on the contrary, they are, in effect, a confession of negligence.

There was no abuse of discretion by the trial court, and the judgment will be affirmed.

*Affirmed.*