Ella Varnum, Appellee, v. American Bonding & Trust Company et al., Appellants.

Gen. No. 15,034.

1.  Judgments—*what essential to entitle defendant to have default set aside.*  To entitle defendants to have a default set aside it is not

only necessary that they should show that they have a good defense on the merits but also that they have exercised diligence in presenting their defense by plea, and unless they show such diligence the court does not abuse its discretion in refusing to set aside the default.

2. JUDGMENTS—*what not showing of diligence upon motion to set aside default.* The fact that the attorney for the defendant gave pleas to his assistants to file, unconnected with a showing that such pleas were filed or what was done with them, does not show diligence which will require the setting aside of a default.

3. DIVORCE—*what not essential to validity of order allowing temporary alimony.* The fact that in a proceeding in which temporary alimony is adjudged the court subsequently adjudicates that the complainant to whom the allowance was made was not the wife of the defendant, does not affect the validity of such order.

4. PRACTICE—*right of defendant to notice of inquest of damages.* If a defendant has appeared in an action he is entitled to notice of a motion for an inquest of damages and has the right to contest the question of damages notwithstanding he is in default upon the merits.

Action in debt. Appeal from the Superior Court Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October, 1908. Affirmed. Opinion filed June 3, 1910. Rehearing denied June 17, 1910.

CLARK VARNUM, for appellants.

WELLS & KELLY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appeal in this case is prosecuted by appellants from an order of the Superior Court denying their motion to set aside a default and a judgment thereon for want of a plea.

In Hitchcock v. Herzer, 90 Ill. 543, it is said: "It is the settled and long established rule in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and unless there has been a palpable abuse of such discretion appellate courts will not interfere."

The question presented by the record is whether the trial court abused its discretion in refusing to vacate the judgment. To entitle the defendants to have the default set aside, it was not only necessary to show that they had a defense on

the merits, but also that they had exercised diligence in presenting their defense by plea, and unless they showed such diligence the court did not abuse its discretion in refusing to set aside the default. Farber v. Bolotnikoff, 131 Ill. App. 345. A default will not be set aside, although the defendant may show that he had a good defense, when it does not appear that he exercised proper diligence. Mendell v. Kimball, 85 Ill. 582.

It appears from the affidavit of appellant Varnum, filed and read in support of the motion, that appellants' attorney, Schaefer, gave to Ellingson, his assistant, the pleas of the defendants, and directed him to file them in this cause on March 6, 1906; that Ellingson left the office of Schaefer and returned in about a half an hour and stated he had filed the pleas.

The affidavit of Ellingson says that the pleas were prepared and that he was directed to file them, but he cannot remember and has no independent recollection as to the filing of the pleas.

These two affidavits are the only evidence offered on the hearing of the motion to show diligence in filing the pleas. The evidence fails to show that the pleas were filed. The affidavits fail to show the exercise of proper diligence on the part of the defendants in presenting their defense. This failure to show diligence justified the trial court in denying the motion, even though there had been a showing of a meritorious defense to the action. Schultz v. Meiselbar, 144 Ill. 26.

In our opinion, the pleas attached to the affidavits and the affidavits themselves do not show a meritorious defense to the cause of action set forth in the declaration filed in the cause. It appears from the declaration that the action was upon an appeal bond given on an appeal to this court from an order entered in the Circuit Court of Cook county on January 5, 1901, directing appellant Varnum to pay Ella Varnum the sum of $50 on account of her solicitor's fees, and the further sum of ten dollars per week as temporary alimony pending the final disposition of her bill for separate maintenance. It is also averred in the declaration that the order was af-

firmed on said appeal by this court; and that appellant Varnum has not paid the plaintiff in that action the amount of the judgment in the bond mentioned, or any part thereof, but has refused so to do.

In the first place, the affidavits say that the defendants have a meritorious defense to the whole of the plaintiff's claim as shown by the pleas which the affiant believes were filed, and that the defense is shown by the pleas of the defendants, but, the facts constituting the defense are not set forth in the affidavit so that the court could determine whether or not the defendants had any defense to the bond sued on. The affidavit sets out a conclusion only and not the facts. An affidavit should state the facts showing a meritorious defense, rather than a verification of the pleadings.

In the second place, we do not think that if the averment of the pleas be true, that by the final decree in the case the Circuit Court adjudged and decreed that appellant Varnum was not the husband of the complainant Ella Varnum, and dismissed her bill and denied her the relief prayed for, that the decree as set out in the pleas was a defense to the action on the bond. The decree is not set forth in the pleas. The pleader's opinion or conclusion as to its legal effect is averred. The pleas are plainly susceptible to the construction which must be given to them, that the order for temporary alimony and solicitor's fees was by the decree annulled, abrogated and set aside, from and after the date of the decree. It does not follow that because the Circuit Court decided that the complainant in that case was not the wife of appellant Varnum the order for temporary alimony and solicitor's fees was improperly entered, or that the amount thereof was not due to the plaintiff when the final decree was entered. In Jenkins v. Jenkins, 91 Ill. 167, the court said: "We are not aware that it has ever been regarded as a prerequisite to obtaining a decree for alimony and solicitor's fees, pending a divorce suit, that the complainant should establish to the satisfaction of the court that she was entitled to decree for divorce. Where a bill is pending for divorce it has always been regarded proper for the court to enter an order requir-

ing the defendant to pay the solicitor's feets. * * * It has, however, been suggested by counsel, in argument, that the decree for divorce was reversed by this court, which necessitates a reversal of this order. The mere fact that the decree of divorce was reversed does not require a reversal of this order; in other words, the reversal of the decree is not a ground of reversal here. Appellee no doubt obtained the services of counsel to present her case in this court on the faith of the order that was entered requiring the payment of solicitor's fees, and it would now be manifestly unjust, after the services have been rendered, to vacate the order on the ground that appellee was not successful in her action." See also Brown v. Brown, 18 Ill. App. 445.

It is urged, however, that the principal object is to do justice between the parties and not to permit one party to obtain and retain an unjust advantage, (Mason v. McNamara, 57 Ill. 274), and as the application to set aside the default and judgment was made at the same term of court at which the judgment was entered, that the meritorious defense of appellants was more important than the question of diligence. Waugh v. Suter, 3 Brad. 271; Allen v. Hoffman, 12 Brad. 573.

In Sharon v. Sharon, 84 Calif. 424, cited by appellant, on the mandate of the Supreme Court on an appeal from an order granting alimony being filed, the plaintiff moved the trial court for judgment against the executor of the original defendant who had been substituted as defendant, for alimony under the original order, as the same was modified by the Supreme Court. The defendant opposed the motion, and introduced evidence showing that the original order or judgment against the defendant's testate was based on a certain written declaration or contract of marriage signed by the plaintiff and original defendant, on which the court found that the parties had been married; that before the application for alimony was made, the original defendant had instituted an action in the Circuit Court of the United States against the plaintiff by the name of Sarah Althea Hill for the purpose of obtaining a decree

canceling the identical contract upon which the court based its order for alimony, on the ground that it was fabricated, false and forged; and the defendant introduced the record showing that the proceedings had culminated in a decree as of September 9, 1885, that the instrument was "false, counterfeited, fabricated, forged and fraudulent, and is therefore utterly null and void," and perpetually enjoined Sarah Althea Hill, her heirs, etc., from claiming any interest thereunder, and from making any use of said instrument in evidence or otherwise.

The court held that the United States Court had jurisdiction of the parties and subject-matter and that its judgment was binding and conclusive; that under that decree there was no marriage, and without a marriage there could be no divorce, and there could be no judgment for alimony.

It is apparent, we think, from a mere statement of the Sharon case, that the facts and the principles applicable thereto are clearly distinguishable from the case at bar. When the question of alimony in that case was finally presented to the court, there had been an adjudication by a court having jurisdiction of the subject-matter and the parties that there had been no marriage between the parties, and this adjudication was properly set up and offered in evidence presenting a complete bar to the application. In the case at bar no such showing was made, on the application for alimony, so far as this record shows, and an allowance was made which, on appeal to this court, was affirmed. An appeal bond was given, conditioned as usual, to the effect that if the appellant Varnum duly prosecuted his appeal with effect and paid the amount of the judgment or decree with costs, interest, etc., in case the judgment should be affirmed by this court, then the obligation should be void, otherwise it was to remain in full force and virtue. The judgment was affirmed. This action is on the bond. The alimony and solicitor's fees decreed had all matured and were due and payable at the time the final decree was entered dismissing the bill on final hearing. The allowance was made to enable Ella Varnum to litigate the issues under her bill, and for her support during

the litigation, and it was properly made under the Jenkins case, *supra,* and the decision of this court on appeal. We think, therefore, the subsequent decree, set out in the pleas, was and is no bar to this action on the appeal bond.

The case of Wright v. Wright, 6 Texas, 29, and O'Haley v. O'Haley, 31 Texas, 502, cited by appellant, are contrary to the holding in the Jenkins case, *supra,* and cannot be followed in this State.

We fully agree with the contention of appellants that having appeared in the case they were entitled to notice of the motion for the inquest of damages, for they had the undoubted right to contest the damages at such inquest (Kalkaska Mfg. Co. v. Thomas, 17 Ill. App. 235) but, if no meritorious defense was shown, there was no reversible error in refusing to set aside the default and judgment.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*