### HORWITZ v FRANKLIN (2 cases)

Ohio Appeals, 8th Dist, Cuyahoga Co
Nos 10387 & 10388. Decided Nov 4, 1929

N. H. Guild for Horwitz.

Therman & Goldman, Cleveland, for Franklin.

**VICKERY, PJ.**

It was said in this court that it had a defense but there was no answer tendered in the court below setting up a defense nor was there any offer to prove what the defense was in the court below, but the notion seems to be prevalent that all it had to do during the term was to show that it had a good defense. Now that is where lawyers are mistaken. If service of summons is properly made and the return is properly made and judgment is properly entered in the absence of the defendant by default, if it be a case where default judgment can be taken, or by proof of damages in such a case as the instant case, before such judgment can be set aside or vacated either during or after term, they must show some statutory reason why they failed to answer and be present and put in a defense at the time they should have done so. This being done if they then show that they have a good defense and offer a proper defense and tender proof to the court saying that, on paper at least, there is a defense, they would be entitled to have a judgment vacated; and if the court should refuse under those circumstances, error might be prosecuted because there would be an abuse of discretion. But before a court can be charged with having abused his discretion, the party claiming it must have brought himself within the statute and show that a right of his had been violated.

Now if he did not set up a statutory ground as to why the answer and defense were not put in at the proper time, he cannot complain because the court does not give him the redress that he wants.

I know it is argued and thought that a court has control over his docket during the term. Nobody is more ready to concede that than I and had the court granted the motion and set aside the judgment, the other side could not have prosecuted error; but when the court refused and the party who is injured by the refusal wishes to prosecute error, he must show that a right of his has been violated; that is, he must show that he had a statutory reason why he was not present and why he did not put in his defense, and then he must show that he had a proper defense and he must tender that defense, at least by answer, and the best authorities hold by evidence to sustain the answer.

In the instant case there was no statutory reason shown and there was no defense proffered or shown, and just how the court under such circumstances could be guilty of abuse of discretion is a little difficult to understand. In this case the judgment was rendered regularly and the court did not abuse its discretion, at least it is not shown that it did in this record, and there being no errors in the record, we can do no other than to affirm the judgment.

Both judgments will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.