HORWITZ *v.* FRANKLIN.

(Two cases.)

(Decided May 19, 1930.)

*Mr. Kenneth H. Guild,* for plaintiff in error.
*Mr. Abner H. Goldman,* for defendant in error.

VICKERY, P. J. These two causes come into this court upon petitions in error to the common pleas court of Cuyahoga county, and the subject-matter of the action is the same in both cases, which originally grew out of an accident that happened when Helen Franklin, one of the plaintiffs below, was thrown through the floor of the attic between the 2x4 timbers and through the ceiling of the living room below, by reason of her stepping backward upon a portion of the attic floor not covered by wooden flooring, as she was cleaning the clothes line in the attic.

After the accident to Mrs. Franklin the husband and wife brought suits in the common pleas court, she for damages, and he for loss of services, predicated upon the negligence of Morris Horwitz, and service of summons upon Horwitz was properly made under the laws of the state of Ohio. In accordance with the provisions of the policy of insurance of the Massachusetts Bonding & Insurance Company which was held by Horwitz, Horwitz sent the summons and a copy of the petition to the bonding company, for in the policy of insurance it had agreed to defend, free of cost to Horwitz, any action that might be brought against him by reason of his so-called negligence. Inasmuch as Horwitz sent the petition and a copy of the summons in each case to the Massachusetts Bonding & Insurance Company, at its home office in Boston, Massachusetts, he dismissed the matter from his mind, and, when the day for making up the issues had arrived, and no

answer of any kind had been made by Horwitz, or by the bonding company for him, in accordance with the rules of the court of common pleas of Cuyahoga county damages were assessed in each case; and the court found in favor of the plaintiff Mrs. Franklin in the sum of $2,000 and in favor of Mr. Franklin in the sum of $500, and entered up judgments for these amounts, plaintiffs having waived a jury trial.

Subsequently during the term, but more than three days after the rendition of the judgment, Horwitz learned of the judgment against him, and thereupon the bonding company employed an attorney, the same one that now appears for Horwitz in this case, to open up the judgment by motion. So a motion was filed during the term for the purpose of setting aside the so-called default judgments and to permit Horwitz to file an answer.

The matter was presented to the court, and, after hearing all the parties had to say and the evidence they sought to introduce, the court came to the conclusion that there was no statutory ground that would warrant the court setting aside any judgment on account of casualty, and that whether there was any defense or not was not important; but held that Horwitz did not have a defense to the action. But whether he had a defense or not the court refused the motion, and error was prosecuted from the overruling of that motion to the Court of Appeals; and, inasmuch as the bill of exceptions was in such a crude condition, the Court of Appeals could do nothing but affirm the judgment. *Ante,* 32, 171 N. E., 415. The judgment was thereupon affirmed by the Court of Appeals and a motion made in the Supreme Court to order the Court of Appeals to

certify its record to the Supreme Court for review, which motion was refused. By this time, of course, the term of court in which the judgment was rendered had passed, and after the judgment of the common pleas court and of the Court of Appeals, and after the action of the Supreme Court in refusing to order the Court of Appeals to certify its record, the plaintiff in error, Horwitz, defendant in the original action, filed his petition in the common pleas court to vacate and set aside the judgment, and, I believe, tendered what purported to be an answer in the original case, setting up, as he claimed, a valid defense.

Whereupon the case was set down for hearing, and the plaintiff offered evidence which, as he thought, tended to prove a reason why the verdict and judgment by default should be set aside, and claimed that it raised such a casualty as the statute contemplated. The only evidence offered by the plaintiff showed that in the original action summons and a copy of the petition were served upon him, and that he, in pursuance with the terms of his policy, directed his daughter Sally, who seemed to be his bookkeeper, to send the policy to the home office of the bonding and insurance company in Boston, Massachusetts, and Sally Horwitz testified that she had done that; and it seems that, as a matter of fact, the papers were sent to the bonding company, and the bonding company neglected to do anything about the matter, through an oversight, perhaps, and so the judgments were taken. In addition to that plaintiff offered to prove it by witnesses in the office of the bonding company in this city; but, inasmuch as they knew nothing about it except from

hearsay, the court properly refused to hear their testimony. It appeared likewise that on his side plaintiff had prosecuted error to the overruling of the motion made during the term in which the judgment was rendered, where the same relief was sought as is now sought in the petition after term, and that judgment was affirmed by the Court of Appeals and by a refusal of the Supreme Court to order the Court of Appeals to certify its record, and so the court did not go into the question of defense, because plaintiff had not shown a statutory ground which would warrant the court in disturbing the verdict, even if there had been a defense; and court further found that, even if there was a statutory ground, the matter had been fully adjudicated in the former case between the same parties asking at that time exactly the same relief. And so the court entered a judgment, first, on the ground that there was no casualty such as would authorize the court in disturbing the verdict; and, further, on the ground that the whole matter had been adjudicated by the common pleas court, Court of Appeals, and the Supreme Court, and consequently the plaintiff had no rights in that case. And so the court entered up a judgment dismissing the petition, and it is to reverse that judgment that error is prosecuted here.

We have gone over this record carefully, as we went over the former record, and it is not in a very satisfactory condition, and we cannot say that the court committed any error in this matter. We cannot help but think that the judgment of the court of common pleas was right; that when it refused to grant the motion for a new trial during term, and

when error to that ruling was prosecuted to the Court of Appeals, and the Court of Appeals affirmed the judgment, and the Supreme Court refused to interfere, the whole matter had been adjudicated. If the bill of exceptions was not complete, that was a misfortune that cannot be remedied now. That being so, plaintiff had no right, after the matter had been properly adjudicated on the motion, to subsequently ignore that proceeding and file a petition. If such proceedings were allowed, there would be no end to litigation, and litigation must end some time, and the judgment must at some time be conclusive.

Now we do not think the court of common pleas abused its discretion, and the judgment of the court was by one of the most careful and liberal judges on the common pleas bench, and nothing would prevent him from granting the relief if he thought it was possible to do so. We cannot see how this court at this time can interfere in any way.

The judgments in both cases show no want of discretion on the part of the court, and no abuse of discretion on the part of the court, and are in accordance and keeping with the law, and must therefore be affirmed.

Each judgment, therefore, is affirmed.

*Judgments affirmed.*

SULLIVAN and LEVINE, JJ., concur.