**T. K. HARRIS d/b/a Harris Construction Company, Appellant,**

v.

**Mrs. Erel J. LEBOW, Appellee.**

No. 16086.

Court of Civil Appeals of Texas.

Dallas.

Nov. 23, 1962.

Rehearing Denied Dec. 14, 1962.

McNees & McNees, James L. McNees, Jr., Dallas, for appellant.

Burford, Ryburn & Ford, and Robert E. Burns, Dallas, for appellee.

WILLIAMS, Justice.

Appeal from a default judgment. Mrs. Erel J. Lebow, a feme sole, sued T. K. Harris, as an individual doing business under the name of Harris Construction Company, seeking damages both to her person and property following an alleged trespass. Defendant did not answer and the court rendered judgment by default in the sum of $4,500 representing both actual and exemplary damages. Within ten days the defendant filed a motion for new trial. In this motion defendant admitted that he had

been served with process but excuses himself from filing an answer by stating that he turned the citation and petition over to his insurance company to be answered and relied upon such company to file an answer for him. In his motion for new trial defendant also attempted to evade liability by contending that the trespass, if any, was not performed by him individually, but by agents, servants and employees of a corporation. The trial court overruled the motion for new trial and defendant brings this appeal, seeking to reverse the judgment of the trial court upon fourteen points of error.

■ By his first point of error appellant contends that since the testimony was not recorded he has been deprived of a statement of facts without fault or negligence. The record contains a statement from the official court reporter to the effect that he did not report the testimony. It is generally true that an appealing party is entitled to a statement of facts in question and answer form and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Pacific Greyhound Lines v. Burgess, Tex.Civ.App., 118 S.W.2d 1100. However, appellant has failed to bring himself within this general rule of law and his first point must be overruled for several reasons.

In the first place the failure to obtain a statement of facts was not assigned as error in appellant's motion for new trial. The first complaint of appellant for failure to have a statement of facts is contained in an alleged "exception" filed long after the order of the court overruling appellant's motion for new trial. It has been held that the failure to obtain a statement of facts must be assigned as error and will not be considered when presented only for the first time in the appellate court. 3 Tex.Jur.2d §

487, p. 732; Reagan v. Copeland, 78 Tex. 551, 14 S.W. 1031; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946.

Secondly, appellant made no effort to obtain a statement of the evidence as provided by Rule 377, Texas Rules of Civil Procedure. This rule authorizes the filing of a statement of facts made up by the party, or by the trial court if the parties fail to agree, independently of a court reporter's notes of the testimony. Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992; 3 Tex.Jur.2d § 474, p. 721. The identical question now presented by appellant was raised in the case of Johnson v. Brown, Tex. Civ.App., 218 S.W.2d 317 and there decided adversely to appellant's contention here. The record here is silent as to any effort on the part of appellant to pursue his rights as afforded by Rule 377 T.R.C.P. and not having done so he cannot now be said to be without fault or neglect.

Thirdly, appellant requested the trial court to file findings of fact and conclusions of law and such request was complied with. As stated by the court in Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992, the appellant emphasized his waiver of any right to complain of the absence of a statement of facts by requesting findings of fact and conclusions of law by the trial court. Appellant's first point is overruled.

■ By his second, third, fourth, fifth, sixth, seventh, ninth, tenth, twelfth and thirteenth points appellant contends that there was "no evidence" or "insufficient evidence" to support appellee's recovery and that the amount of damages awarded appellee are manifestly too large. These points must be overruled. As revealed above the record does not contain a statement of facts but there are elaborate findings of fact and conclusions of law by the court. It is a familiar rule of law that in the absence of a statement of facts a reviewing court will presume that the evidence was sufficient to support the verdict and judgment. In such a case we are required to indulge every reasonable presumption con-

sistent with the record in favor of correctness of the judgment of the trial court. Currie v. Hergotz, Tex.Civ.App., 250 S.W.2d 247; Smith v. Ansley, Tex.Civ.App., 257 S.W.2d 156; Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60; Stovall v. Scofield, Tex.Civ.App., 325 S.W.2d 221; Sekaly v. Hilton Center, Inc., Tex.Civ.App., 340 S.W.2d 827.

■ Appellant's points eight and eleven complaining of insufficiency of appellee's pleadings to support the judgment relating to damages must also be overruled. We have carefully examined appellee's petition and find that it is entirely sufficient to support the judgment rendered.

By his fourteenth, and last, point appellant contends that the trial court abused its discretion by overruling appellant's motion for new trial because the failure on the part of appellant to file an answer was not intentional or the result of conscious indifference on his part. Appellant, in his motion for new trial, stated that he did not file an answer to the petition served upon him because he notified the agent of his insurance company and such agent told him "not to worry about it", "that it would be taken care of" by the insurance company. He further stated that the failure on his part to file an answer was not intentional nor the result of conscious indifference on his part but was due to the mistaken thought that the insurance company would take care of the case as the agent had advised him.

■■ A party who has been duly served with citation to appear and defend a cause asserted against him may not relieve himself of the burden of the judgment rendered unless he thoroughly demonstrates that he and his agent were free of negligence or conscious indifference. The record in this case clearly demonstrates that the insurance agent who received the citation from appellant became appellant's agent. There is no showing in this record why appellant's agent or the insurance company did not prepare and file an answer within due time. Illustrative of this rule is Brothers Department Store, Inc. v. Berenzweig, Tex.Civ.App., 333 S.W.2d 445 wherein it was held that a party who delivered the citation to his attorney who fails to file an answer such party cannot plead the negligence of his lawyer as justification for such failure. In the case of Grammar v. Hobby, Tex.Civ.App., 276 S.W.2d 311 the defendant delivered the citation to his own agent for delivery to an attorney. The agent negligently failed to deliver the citation to the attorney on time and default judgment was entered. It was there held that the defendant had failed to show that he and his agent were free from negligence and the court was justified in overruling his motion for new trial. In the case of Farber v. Bolotnikoff (1907) 131 Ill.App. 345; 126 A.L.R. 373 the court held that the defendant in relying upon his insurance company did so at his own peril and risk. See also Leslie v. Spencer, 170 Okl. 642, 42 P.2d 119; Horwitz v. Franklin, 35 Ohio App. 32, 171 N.E. 415; and Bissonette v. Joseph, 170 S.C. 407, 170 S.E. 467.

Appellant relies upon Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 and Iley v. Reynolds, Tex.Civ.App., 319 S.W.2d 194. In the Craddock case defendant delivered his citation to his insurance company for answer. No answer being filed default judgment was rendered. On motion for new trial in that case voluminous testimony was presented to explain why the defendant's insurance company did not file an answer. The Supreme Court held that upon the presentation of such undisputed facts the trial court abused his discretion in not granting a new trial. Likewise in Iley v. Reynolds, Tex.Civ.App., 319 S.W.2d 194 testimony was adduced by defendant which fully explained all of the facts and circumstances surrounding the lack of a timely answer, including illness on the part of the defendant, and a question concerning insurance coverage. Moreover, in that case the evidence clearly dem-

onstrated that defendant never turned the citation over to the insurance company nor its agent until after judgment was entered.

The facts in·this case clearly distinguish it from Craddock and Iley, supra, in that this record is entirely silent as to why the insurance company failed to file an answer as it allegedly agreed to do. Considering this record in its entirety we are of the opinion that appellant has not demonstrated that he is entitled to be relieved of responsibility, and therefore the trial court in this case did not abuse its discretion in overruling appellant's motion for new trial. Appellant's fourteenth point is overruled.

Judgment of the trial court is affirmed.