11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tanknology/NDE
Corporation

Appellant

Vs.                   No.
11-01-00250-CV B Appeal from Eastland County                                    

Robin Bowyer

Appellee

 

The trial
court awarded appellee, Robin Bowyer, a default judgment against appellant,
Tanknology/NDE Corporation.  In its
default judgment, the trial court awarded appellee $239,640.47 for past medical
expenses, past and future physical pain and mental anguish, past and future
physical impairment, costs of court, and post-judgment interest.  We reverse and remand for a new trial.

On March
1, 2001, appellee filed a suit for negligence involving a motor vehicle
accident between appellee and Ruben Jamie Lozan[1]
which occurred on March 2, 1999.  In
this suit, appellee alleged that Lozan was an employee of appellant and was
acting in the course and scope of his employment at the time of the collision
and also that appellant was negligent in its hiring, supervision, Aand/or@ retention of Lozan. 








Appellant=s registered agent for service of process, CT
Corporation System, was served with the citation and original petition on March
14, 2001, at 10:27 a.m., in Houston.  On
March 19, 2001, Barbara Botts, Director of Human Resources and Risk Management
for appellant in Austin, received the petition from CT Corporation System.[2]  On this same date, Botts faxed the petition
to American International Group (AIG) at the fax number for American
International Recovery, Inc. (AIR) in Dallas, as well as to AMelba@ at Insurance Concepts.  In
addition to the petition, Botts faxed 12 pages regarding appellee=s property damage claim.  Botts had been dealing with Lashonda Young,
a recovery agent at AIR, on the property damage claim.  On the fax cover sheet, Botts wrote A[p]ls (sic) let me know what atty (sic) you
choose to answer this lawsuit which we rec=d (sic).@ 
Botts spoke with Young either the same day or the day following the
facsimile transmission regarding the insurance policy deductible but not about
this lawsuit.  In her affidavit, Botts
states that she did not take any further action with Young, or anyone
else,  pertaining to the lawsuit because
she assumed Young would process the petition. 
Young did not take any action in regard to the lawsuit because as a
recovery agent she did not process petitions received in lawsuits.   The fax to Insurance Concepts was merely
sent as a courtesy for their records; Insurance Concepts was not authorized to
hire attorneys for appellant. 

On April
18, 2001, the trial court, upon appellee=s motion, severed the cause against appellant from that against
Lozan.  On this same date, following a
hearing, the trial court granted appellee a default judgment and awarded
appellee $239,640.47 in damages.








AIGCS
learned of the default judgment on or about April 25, 2001.  Kathleen A. Riley, manager of AIR=s Dallas recovery unit, reviewed the file on
the case.  Her investigation showed that
AIGCS approved insurance coverage for the March 2, 1999, collision; spoke with
appellee on her property damage claims prior to August 11, 2000, on behalf of
appellant; intended to defend appellant in the event of a lawsuit; discussed
property damage and medical expenses with appellee=s father; sent a medical authorization form
to appellee in order to evaluate her medical expenses and made a follow-up
contact on approximately April 13, 1999, requesting the return of the form; set
up a file noting that appellee had a claim for personal bodily injury; and set
aside money to compensate appellee. 
However, appellee never returned the medical authorization form and
never responded to AIGCS.  As a result,
AIGCS closed its file on March 3, 2000, after paying the property damage
claim.  AIGCS forwarded the file to AIR
so that AIR could collect the insurance policy deductible from appellant.  Upon receipt of this file, Young contacted
appellant regarding the payment of the deductible, which appellant paid.  Botts contacted Young and transmitted the
petition with other documents to Young. 
Although appellant=s insurance policy provided that information pertaining to personal
injury lawsuits were to be sent to AIGCS, appellant forwarded the petition to
AIR because of the correspondence regarding payment of the deductible. 

Appellant
filed a motion for new trial on May 17, 2001. 
Following a hearing, the trial court denied appellant=s motion.

Appellant
argues on appeal that the trial court erred in failing to grant appellant=s motion to vacate the default judgment and
for new trial because: (1) appellant=s failure to answer was not intentional or the result of conscious
indifference, but instead due to accident or mistake, (2) appellant set up a
meritorious defense, and (3) appellee would not be delayed or injured by the
granting of a new trial.  Essentially,
appellant is arguing that it met the three elements of the Craddock v. Sunshine
Bus Lines, 133 S.W.2d 124, 126 (Tex.1939), test; and, because all three
elements were met, the trial court abused its discretion by failing to grant
appellant a new trial.  In Craddock,
the court stated:

An
equitable motion for new trial must be granted in all cases where:

[T]he failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident[3];
provided the motion for a new trial sets up a meritorious defense and is filed
at a time when the granting thereof will occasion no delay or otherwise work an
injury to the plaintiff.

 








A trial court abuses its
discretion when all of the elements of the Craddock test are fulfilled
and it fails to grant a new trial.  Bank
One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex.1992).  Here, the trial court abused its discretion
in denying appellant=s
motion for new trial because appellant satisfies all of the elements of the Craddock
test.  In three points of error,
appellant addresses each of the Craddock elements.  

In its
first point, appellant asserts that the trial court erred in its failure to
grant a motion for new trial because the failure to answer the petition was not
intentional or the result of conscious indifference but due to accident or
mistake. When the factual allegations in a movant=s affidavit are not controverted, it is sufficient if the motion and
affidavit provide factual information, that if taken as true, would negate
intentional or consciously indifferent conduct.  Director, State Employees Workers= Compensation Division v. Evans, supra at 268; Strackbein v. Prewitt,
671 S.W.2d 37, 38-39 (Tex.1984).  In
order to make a determination as to whether the appellee has controverted
appellant=s factual assertions, we look to all of the
evidence in the record.  However,
conclusory allegations are insufficient; the facts must explain the nature of
the mistake.  Holt Atherton Industries,
Inc. v. Heine, supra at 82-83.  The
evidence in the record in this case consists of: appellant=s motion and accompanying affidavits[4]
from Botts, Young, Riley, and Sweeney; appellee=s response to the motion and the attached excerpts from the depositions
of Botts and Young; appellant=s reply to appellee=s response; and the reporter=s record from the hearing on appellant=s motion for new trial held on July 27, 2001. 

The affidavits
of Botts, Young, and Riley state facts that show that appellant=s failure to answer was not intentional or
due to conscious indifference.  Botts
mistakenly assumed that Young, the person she was dealing with on the
deductible matter, would also process the petition so that an attorney would be
hired.  Botts indicated on the cover
sheet that she wanted to be informed what attorney was selected to answer the
lawsuit.  These facts support that Botts
felt she was transmitting the petition to the proper person so that it would be
timely answered.  








Because it
relied on an agent to file an answer, appellant must show that the agent also
did not act intentionally or with conscious indifference.  Holt Atherton Industries, Inc. v. Heine,
supra at 83.  It appears from the facts
that Botts was relying on Young to locate an attorney to file an answer.  Young stated that it was not part of her job
as a recovery agent to process petitions in lawsuits and that this was why she
filed the lawsuit instead of taking further action with the petition.  Botts was not relying on Insurance Concepts
to find an attorney because she was aware that Insurance Concepts lacked the
authority to hire counsel for appellant. 
Although it is stated in the insurance policy that AIGCS was the proper
entity to receive petitions, Botts had been dealing with Young at AIR on this
particular case.  It is apparent that
Botts felt that Young was her contact in regard to this case, not AIGCS.  Appellant=s motion and affidavits show that the failure to file was unintentional
and not consciously indifferent, if not controverted.

            The
non-movant must controvert the movant=s belief that the matter is being handled appropriately.  Director, State Employees Workers= Compensation Division v. Evans, supra at
269; Bank One, Texas, N.A. v. Moody, supra at 85. Appellee does not controvert
appellant=s beliefs. 
Instead, appellee argues that the matter should have been handled in a
better way.  Appellee asserts that,
because of Botts= training in risk management and Young=s training in insurance matters, they did not
handle the matter as a reasonably prudent person would have handled the
situation because Botts did not follow up on the matter by specifically asking
Young or anyone else about the lawsuit and because Young also did not follow up
with Insurance Concepts.   Appellee does
not specifically controvert appellant=s evidence.  Therefore,
appellant=s affidavits, for the purpose of establishing
a lack of intent or conscious indifference, should be taken as true.  See Director, State Employees Workers= Compensation Division v. Evans, supra at
269; see also  Estate of Pollack v.
McMurrey, supra at 391-92.   Appellant=s first point is sustained.

In the
second point, appellant challenges the trial court=s failure to grant a new trial because
appellant set up a meritorious defense. 
A meritorious defense is Aset up@ when the motion for new trial alleges facts
which would constitute a defense to the cause of action asserted and must be
supported by affidavits or other evidence. 
Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.1966); Estate of Pollack v.
McMurrey, supra at 392.  It is
irrelevant whether the facts alleged by appellant in support of a meritorious
defense are controverted.  See Ivy v.
Carrell, supra at 214.  








In the
motion for new trial, appellant sets out the following defenses: (1) appellee
failed to show that Lozan was acting in the course and scope of his employment
or that appellant was negligent in hiring, supervising, Aand/or@ retaining Lozan; (2) appellee had a pre-existing condition in that she
had injured her knee one month prior to the collision and a significant portion
of her medical expenses covered treatment for this prior injury; (3) appellee
did not establish that the accident was the proximate cause of her injuries;
(4) appellant denied the extent of the damages; and (5) appellant asserted that
appellee was comparatively Aand/or@ contributorily negligent.  In support of appellant=s contention that appellee was injured one
month prior to the collision, appellant refers to the medical records admitted
by appellee at the default judgment hearing. 
Dr. F. James Herbertson=s notes indicated that appellee injured her knee approximately one
month prior to the accident; she Ahyperflexed@ her
knee.  Appellant alleged sufficient
facts which support the defenses set up by appellant:  that a portion of appellee=s medical expenses may be attributable to a prior injury or pre-existing
condition; that the accident may not have been the proximate cause of appellee=s injuries; and that the extent of her
damages may be different than claimed. 
See Director, State Employees Workers= Compensation Division v. Evans, supra at 270 (finding where the State
alleged Evans was injured in an automobile accident following her alleged
job-related injury and that the subsequent automobile accident was the cause of
her damages that, if true, would be a sole cause defense for the State).   Appellant=s second point is sustained.

In the
third point, appellant contends that the trial court erred in its failure to
grant a new trial because there would be no delay or injury to appellee.  The factors in determining delay or injury
are: (1) offering to go to trial immediately and (2) reimbursing expenses in
obtaining the default judgment.  Konkel
v. Otwell, 65 S.W.3d 183, 187 (Tex.App. - Eastland 2001, no pet=n); see also Director, State Employees
Workers= Compensation Division v. Evans, supra at
270.  

Appellant
stated in its reply to appellee=s response to the motion for new trial that it was willing to reimburse
appellee for her expenses in obtaining the default judgment and that it was
ready, willing, and able to go to trial. 
At the hearing, appellant again announced that it was ready, willing,
and able to go to trial.   Once
appellant alleged that granting a new trial will not cause delay or injury, the
appellee then had the burden of showing the delay or injury she would
suffer.  Cliff v. Huggins, 724 S.W.2d
778, 779 (Tex.1987).








The
purpose of this prong of the Craddock test is to protect plaintiffs from
delay or injury that would disadvantage them in presenting the merits of their
case at trial.  Director, State
Employees Workers= Compensation
Division v. Evans, supra at 270. 
Appellee has failed to make any allegations showing how a new trial
would prejudice the presentation of her case, and she did not negate appellant=s showing of no undue delay or injury.  See Director, State Employees Workers= Compensation Division v. Evans, supra at
270.  Appellant=s third point is sustained.

In
sustaining all of appellant=s points of error, we find that appellant has fulfilled all three
prongs of the Craddock test. 
Because appellant has satisfied all three elements of the Craddock
test, the trial court abused its discretion in failing to grant appellant a new
trial.  

We reverse
the decision of the trial court and remand this cause for a new trial.

 

JIM
R. WRIGHT

JUSTICE

 

May 9, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[5]











[1]Throughout the initial pleadings and the record in this
case, the driver of Tanknology=s vehicle is
referred to as Ruben Jamie Lozan.  In
the briefs, we are advised that the driver=s
name is actually Ruben James Lozano.





[2]It appears that CT Corporation System was appellant=s registered agent; that Insurance Concepts was
appellant=s  insurance
broker; that American International Group (AIG) was appellant=s insurance carrier; that American International
Recovery, Inc. (AIR) was the recovery division of AIG, responsible for the
recovery of insurance policy deductibles; and that American Insurance Group
Claims Services (AIGCS) was the division of AIG responsible for the payment of
claims. 





[3]Appellee incorrectly argues that, to satisfy the first
prong of the Craddock test, appellant must prove its actions were also
free from Anegligence and/or conscious indifference.@  For this
proposition, appellee misplaces her reliance on Grissom v. Watson, 704 S.W.2d
325, 327 (Tex.1986), and Harris v. Lebow, 363 S.W.2d 184, 186 (Tex.Civ.App. B Dallas 1962, writ ref=d
n.r.e).  Grissom quotes Harris,
stating that A[the party] and his agent were free of negligence or
conscious indifference.@  Grissom v.
Watson, supra at 327, quoting Harris v. Lebow, supra at 186.  The fact that the Supreme Court in Grissom
quotes this portion from Harris does not mean that it has adopted
negligence as a component or a consideration in the first prong of the Craddock
test.  Historically, a case was refused
for no reversible error when the Supreme Court felt the court of civil appeals
was correct in all of its declarations of law but that its application of law
presented no error requiring reversal because the disposition of the case was
satisfactory.   See Texas Osage
Cooperative Royalty Pool v. Clark, 322 S.W.2d 506 (Tex.1959)(explaining the designation
writ refused, no reversible error). 
Because Grissom does not specifically adopt the negligence
component in its holding but only addresses conscious indifference, appellee is
in error by arguing that, based on these cases, there is a negligence aspect to
the first prong of the Craddock test. 
Since Grissom, the Supreme Court has repeatedly reiterated the Craddock
test in its original form.  See, e.g.,
Director, State Employees Workers=
Compensation Division v. Evans, 889 S.W.2d 266 (Tex.1994); Estate of Pollack v.
McMurrey, 858 S.W.2d 388 (Tex.1993); Holt Atherton Industries, Inc. v. Heine,
835 S.W.2d 80 (Tex.1992); Bank One, Texas, N.A. v. Moody, supra.





[4]Appellee argued that the affidavits were not made by
persons with knowledge.  All affiants
stated that they were competent to make the affidavit, that they had personal
knowledge of the facts, and that the facts were true and correct.  Additionally,  appellant=s trial counsel, Martin J. Sweeney, is permitted to
attest to facts as appellant=s agent.  See TEX.R.CIV.P. 14.  Sweeney set out his authority to make the
affidavit as counsel for appellant and states how he obtained the information
contained in the affidavit.  Sweeney=s affidavit makes a sufficient showing of his authority
and personal knowledge.  See, e.g.,
Landscape Design and Construction, Inc. v. Warren, 566 S.W.2d 66, 67
(Tex.Civ.App. B Dallas 1978, no writ).





[5]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.