

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00070-CV

**SKYLINE EMS INC.** and Juan "Johnny" Cordero,
Appellants

v.

**AR CONCEPTS INC.**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-15618
The Honorable Richard E. Price, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  November 25, 2015

AFFIRMED

This is an appeal from the trial court's granting of a no-answer default judgment in favor of A.R. Concepts, Inc. and against Skyline EMS, Inc. and Juan "Johnny" Cordero. Skyline and Cordero contend that the trial court erred in granting a default judgment because their failure to answer was not intentional or the result of conscious indifference, but rather was due to accident or mistake. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A.R. Concepts sued Skyline and Cordero for breach of contract. On October 10, 2014, Skyline and Cordero were served with the lawsuit. When Skyline and Cordero failed to timely answer, on November 12, 2014, A.R. Concepts appeared in district court and obtained a default judgment against Skyline and Cordero for $66,220.48 plus $3,000 in attorney's fees. On December 8, 2014, Skyline and Cordero filed a motion for new trial. Attached to the motion for new trial was an affidavit by Cordero. In the affidavit, Cordero swore to the following:

(1) He is employed by Skyline as Administrator;

(2) After being served with the lawsuit, on October 21, 2014, Skyline entered into an agreement with Cain and Daniels, a debt settlement company;

(3) Cain and Daniels advised Skyline and Cordero not to file an answer and told them that it would negotiate the debt;

(4) Cain and Daniels failed to negotiate the debt, resulting in the granting of a default judgment; and

(5) Skyline and Cordero have a meritorious defense because the amount of Skyline's debt is incorrect.

In their motion for new trial, Skyline and Cordero, relying on Cordero's affidavit, argued that their failure to timely file an answer was the result of accident or mistake, rather than due to an intentional act or conscious indifference. Specifically, they explained that the accident or mistake that prevented them from filing an answer was their mistaken belief that Cain and Daniels was settling the case. According to Skyline and Cordero, Cain and Daniels advised them not to file an answer because it claimed it was going to settle the case, but, in fact, it failed to do so, which resulted in the granting of a default judgment against them.

After considering Skyline and Cordero's motion for new trial, the trial court denied the motion, and this appeal ensued.

## DISCUSSION

Skyline and Cordero argue that "the primary reason for their failure to file an answer was based on the mistaken belief that Cain & Daniels were in the process of negotiating and/or had already negotiated a settlement with [AR Concepts]" and that "Cain & Daniels specifically advised [Skyline and Cordero] to not file an answer." Thus, according to Skyline and Cordero, "[their] failure to file an answer was not intentional or due to conscious indifference," but "was due to an accident and/or mistake."

A trial court's grant or denial of a motion for new trial is within its sound discretion and will not be disturbed on appeal absent a showing of abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). In determining whether to grant a new trial and set aside a default judgment, a court applies the standard established by the Texas Supreme Court in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Craddock* requires the defendant to demonstrate that (1) the failure to file an answer was not intentional or the result of conscious indifference, but rather was due to an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) the motion shows that the granting of a new trial will cause no delay or injury to the plaintiff. *Id*. at 126.

Courts should apply the first requirement under *Craddock* liberally, recognizing that each case depends on its own facts. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ). Thus, a court should look to the knowledge and acts of the defendant as contained in the record. *Strackbein*, 671 S.W.2d at 38-39. If there is no record of an evidentiary hearing, in considering whether the first requirement is met, a court looks only at the defendant's motion and affidavit, and any response filed. *Id.* at 38.

Further, a defendant who was duly served and who relied on his agent to file an answer cannot "relieve himself of the burden of the judgment rendered unless he thoroughly demonstrates

that he and his agent were free of negligence or conscience indifference." *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex. Civ. App.—Dallas 1962, writ ref'd n.r.e.); *see Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (citing *Harris*). A defendant does not relieve himself of this responsibility if the record is silent as to why the agent acted as it did. *See Harris*, 363 S.W.2d at 186-87.

In this case, Skyline and Cordero relied on the representations of their agent, Cain and Daniels, a debt settlement company. According to Skyline and Cordero, Cain and Daniels represented that the lawsuit would be settled and that there was no need to file an answer. Thus, according to Skyline and Cordero, their agent's failure to settle the lawsuit resulted in the taking of the default judgment and their failure to answer was not intentional, but due to mistake. However, the record is silent as to why their agent, Cain and Daniels, acted (or failed to act) as it did. Under these facts, Skyline and Cordero have not relieved themselves of their responsibility of showing why their agent acted (or failed to act) as it did. Therefore, the trial court did not abuse its discretion in denying their motion for new trial.

We affirm the trial court's judgment.

Karen Angelini, Justice