HOUSTON FIRE & CASUALTY INSURANCE COMPANY ET AL V. HARLEY R. WALKER.

No. A-4065. Decided June 17, 1953.
Rehearing overruled October 7, 1953.
(260 S.W. 2d Series 600)

504

*Chilton Bryan, Frank J. Knapp, John L. McConn, Jr.,* and *Butler, Binion, Rice & Cook,* all of Houston, for petitioners.

*Vinson, Elkins, Weems & Sears, J. L. Clayton and Thomas B. Weatherly,* all of Houston, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Under our view the controlling question in this case is one of procedure, and our statement will be confined to the portions of the record relating to that question. The respondent, Harley R. Walker, sued petitioners, a number of insurance companies, upon builders risk insurance policies to recover damages for injury to a concrete dam allegedly caused by lightning. Upon the answers of the jury to special issues the trial court rendered judgment that respondent take nothing. From that judgment he prosecuted an appeal to the Court of Civil Appeals upon the transcript alone, resting his case on the theory that a statement of facts was unnecessary for a decision of the case on appeal. The petitioners caused a statement of facts to be prepared and upon motion made by them the Court of Civil Appeals entered an order granting them leave to file same. That order was later rescinded, with the result that the case was decided by the Court of Civil Appeals upon the transcript alone and it comes to this court without any statement of facts. It was the conclusion of the Court of Civil Appeals that under the verdict respondent was entitled to judgment as a matter of law and upon that ground it reformed the policies and rendered judgment in respondent's favor for the amount of damages assessed by the jury. 254 S. W. 2d 429.

■ Respondent has consistently contended, and still contends, that the statement of facts was not properly brought to the Court of Civil Appeals and that this court would not be authorized to consider it. His position is that the case must be decided on the transcript alone. While a major portion of the application of the petitioners for a writ of error is given over to the contention that the Court of Civil Appeals erred in its order striking the statement of facts and to various contentions that a consideration of the statement of facts will reflect that the trial court's judgment is correct, still they do present the point that the Court of Civil Appeals erred in reversing the trial court's judgment on the transcript, and that in the absence of a statement of facts the trial court's judgment should be affirmed. The parties thus join issue as to the proper construction of the verdict. We have concluded that the Court of Civil Appeals erred in reversing the trial court's judgment on the transcript, and since the parties join issue on that question and since respon-

dent objects to our consideration of the statement of facts, we shall devote our opinion to the issue thus joined and decide the case as it comes to us, that is, without any statement of facts at all. From a consideration of the transcript, including the special issues submitted to the jury, it is made to appear that respondent's contention is not that lightning struck the dam, but that lightning struck a tree which in some manner resulted in injury to the dam. In the absence of a statement of facts we cannot know how that result might have come about.

The first four special issues submitted to the jury were as follows:

"SPECIAL ISSUE NO. 1. Do you find from a preponderance of the evidence that there was a pine tree standing on the upstream side near the south end of the dam structure located on the premises in question just before the event made the basis of this suit?

"If you have answered Special Issue No. 1 'Yes,' and only in that event, then answer:

"SPECIAL ISSUE NO. 2. Do you find from a preponderance of the evidence that lightning struck such tree on the night of February 22, 1949?

"If you have answered Special Issue No. 2 'Yes,' and only in that event, then answer:

"SPECIAL ISSUE NO. 3: Do you find from a preponderance of the evidence that such tree, by reason of being struck by lightning, if you have so found, was exploded out of the ground upon the occasion in question?

"If you have answered Special Issue No. 2 'Yes,' and only in that event, then answer:

"SPECIAL ISSUE NO. 4. Do you find from a preponderance of the evidence that the striking of the tree by lightning, if you have so found, was a proximate cause, as that term is herein defined to you, of damage to the dam structure?"

Issues Nos. 1, 2, and 4 were answered "Yes" and issue No. 3 was answered "No." The Court of Civil Appeals sustained the contention that Special Issue No. 3 submitted an immaterial question and that the answer thereto should be disregarded. Under that theory it was concluded that the answers to issues 1, 2, and 4 compelled a rendition of judgment in favor of re-

spondent. The effect of that holding was that the trial judge who heard all of the evidence of the parties submitted an issue, the answer to which could have no bearing upon the judgment to be rendered. The inquiry naturally arises: How can it be determined without a statement of facts that Special Issue No. 3 was immaterial? Certainly, the presumption is that it was material, and a holding that, as a matter of law, it was immaterial must result from a consideration of the record as a whole.

After the verdict was returned respondent filed a motion for judgment thereon on the ground that the answer of the jury to Special Issue No. 3 should be disregarded as immaterial. No order was entered on that motion except as is reflected in the judgment hereinafter to be considered. The petitioners filed three motions. The first motion was for judgment non obstante veredicto. That motion was overruled by a separate order. The second motion was that the jury's finding in response to Special Issue No. 4 should be disregarded because such finding had no support in evidence in view of the jury's finding in answer to Special Issue No. 3. No order was entered on that motion except as reflected in the judgment. The third motion was on two grounds, the first ground being that the jury's answer to Special Issue No. 3 constituted a finding against respondent on a material and ultimate issue which was a constituent element of plaintiff's only causation ground of recovery, and that the jury's answer to Special Issue No. 4 was therefore left without any support whatsoever, or, alternatively, without sufficient support in the evidence. The second ground of that motion presented the question that, as a matter of law, there was no coverage on the dam structure in question under the terms of the policies. An order was entered on this motion overruling the same on ground No. 2 only. The effect of that order was to reserve a ruling on ground No. 1, as was also the effect of entering no order on the second motion. Thereafter, when the judge came to render judgment, after making reference to the various motions, he embodied this recital in the judgment:

"Thereafter such motions of plaintiff and defendants came on to be heard on the 26th day of November, 1951, after due and proper notice as required by law and the Court, having heard argument of counsel for plaintiff and defendants in support of such respective motions, is of the opinion and so finds that under the verdict of the jury, the defendants herein are entitled to judgment, for the reason that the Court is of the opinion and so finds that Special Issue No. 3 inquiring as to whether or not the tree was exploded out of the ground upon the occasion in

question is a material, ultimate, and essential issue in order for plaintiff to make a recovery herein."

■ While the judgment did not recite in so many words that the court sustained ground No. 1 of the third motion, the necessary effect of the judgment is to sustain it. Reading the judgment in the light of the motions and the orders thereon, the only conclusion which we can draw therefrom is that it was the opinion of the court that there was no evidence supporting the answer of the jury to Special Issue No. 4, except the evidence that was offered relevant to Special Issue No. 3, and that when the jury answered Special Issue No. 3 in the negative no evidence remained upon which an affirmative answer to No. 4 could be based. In brief, the court necessarily held that there was no evidence supporting Special Issue No. 4 in the light of the jury's answer to Special Issue No. 3. That was the precise question presented to the trial court for decision by the second motion and ground No. 1 of the third motion. It is elementary that in the absence of a statement of facts an appellate court cannot determine that a ruling of the trial court that an issue was not supported by evidence was erroneous. So far as we know judicially the only evidence of causation was that submitted in Special Issue No. 3. The trial court so ruled, and, clearly, the Court of Civil Appeals erred in ruling that there was other evidence to support Special Issue No. 4 in the absence of a statement of facts disclosing such evidence. In this connection it will be recalled that respondent alone objects to the consideration of the statement of facts by the appellate courts.

Our conclusion above is not at all inconsistent with the order of the court overruling the motion of the petitioners for judgment non obstante veredicto. That motion was based upon fourteen different grounds, ground No. 6 being that the jury's answer to Special Issue No. 3 left no evidence whatsoever to support its finding to Special Issue No. 4. The court could have sustained a motion for judgment non obstante veredicto only if an instructed verdict would have been proper. Rule 301, T. R. C. P. We must presume that there was some evidence authorizing the submission of Special Issue No. 3. If so, that was some evidence of causation and the court could not therefore render judgment non obstante veredicto. Considering the court's rulings together they amount to this: There was some evidence of causation and therefore a peremptory instruction would have been improper and, likewise, a judgment non obstante veredicto; but there was no evidence other than that relevant to Special Issue No. 3 which would support the jury's finding on Special Issue No. 4.

Respondent attaches much significance to the fact that in the court's charge Special Issue No. 4 was conditioned upon an affirmative answer to Special Issue No. 2 and not upon Special Issue No. 3. He did not object to that manner of submission, and while it may be argued that it was irregular or even erroneous, that question is not before us for decision. There is certainly nothing fundamentally erroneous about it.

■ It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts, and this is not such a case. We are well convinced from a consideration of the transcript as a whole that it is a case in which the trial court by necessary implication has ruled that the only fact issue on causation was found adversely to respondent by the jury's answer to Special Issue No. 3, the effect of which answer was to leave no support in the evidence for the jury's answer to Special Issue No. 4. In the absence of a statement of facts it cannot be held that the ruling was erroneous. Accordingly, it is ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion delivered June 17, 1953.

Rehearing overruled October 7, 1953.