**C. G. BIGBY, Appellant,**

v.

**Jack GRANFUS, Appellee.**

No. 3308.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Rehearing Denied June 14, 1957.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

COLLINGS, Justice.

Jack Granfus brought suit on December 13, 1955, against C. G. Bigby to recover the sum of $3,450 which he alleged Bigby acquired from him on or about October 1, 1952, by false and fraudulent representations. Granfus alleged that Bigby represented to him that certain oil and gas leases were available and could be secured on a basis of $10 per acre; that Bigby suggested that he join with Bigby and one Clark in purchasing said oil and gas leases, each paying one-third of the cost or purchase price and that each would be the owner of a one-third interest therein. Granfus alleged that he was not familiar with the oil and gas business and did not know the value of the leases but relied upon Bigby, who was engaged in such business. Granfus further alleged that Bigby represented to him that the cost of the leases was $10 per acre; that the total purchase price amounted to $10,870.90 and that plaintiff's one-third interest thereof amounted to $3,631.27. Plaintiff alleged that he relied upon such representations by the defendant, Bigby, and paid to him the said sum of $3,631.27, when in truth and in fact the defendant, Bigby, paid only 50¢ per acre or a total of $543.55 for said leases, of which plaintiff's share was $181.88, plus a small amount of expense, the exact amount of which was unknown to plaintiff. Plaintiff alleged that Bigby overcharged him approximately $3,450 for which amount he sought judgment. Bigby's pleadings included a general denial and the two-year statute of limitation.

The case was tried before a jury which found in answer to special issues submitted that Bigby did represent to Granfus that the cost of the leases was $10 per acre; that such representation was false and fraudulently made; that Granfus believed and relied upon such representations; and was thereby induced to pay Bigby on the basis of $10 per acre for his one-third interest in the leases. The jury further found that the plaintiff, Granfus, did not know prior to December 12, 1953, that the total cost of the leases in question was 50¢ per acre, but found in answer to special issue number 12 that Granfus by the exercise of ordinary diligence should have discovered prior to December 12, 1953, that the total costs of such leases was 50¢ per acre. Both plaintiff and defendant made motions for judgment. In plaintiff's motion it was urged that he was entitled to judgment upon the jury verdict except the answer to special issue number 12; that there was no evidence to support the answer to special issue number 12 and judgment should be entered upon the verdict notwithstanding such answer. The court after consideration of both motions disregarded the jury's answer to special issue number 12 and rendered judgment for the plaintiff, Jack Granfus, against C. G. Bigby for the sum of $3,450. C. G. Bigby has appealed.

Appellant Bigby does not challenge the jury's finding to the effect that on or about October 1, 1952, he acquired the sum of $3,450 from appellee, Jack Granfus, by means of false and fraudulent representations. The record shows that appellee did not bring suit until December 13, 1955. Appelle concedes that his cause of action is covered by the two-year statute of limitations and that his right to judgment is based upon the jury finding that he did not discover the fraud more than two years before he filed suit and upon the undisputed evidence "showing no facts which should have put appellee on notice to discover such fraud by the exercise of ordinary care prior to two years before suit was actually filed."

In appellant's fourth point it is urged that there was evidence in support of the jury's answer to special issue number 12 to the effect that appellee by the exercise of ordinary care should have discovered his alleged cause of action, that is,

that the total cost of the leases in question was 50¢ per acre, prior to December 12, 1953, and that the court erred in disregarding such jury finding and entered judgment for appellee. In our opinion this point is well taken.

There was testimony by appellant to the effect that during October of 1953, when a rental payment became due, Granfus was contending that he had been "gypped" by appellant and Mr. Clark and was talking about it "around town". Appellant further testified as follows concerning his conversation with appellee at that time:

"Q. Well, did he say anything to you about them costing only fifty cents an acre?

A. Yes, sir.

Q. All right. What did he say?

A. 'I thought you all paid $10.00 for it.' I says, 'Well, that is what you paid for yours; we paid fifty cents an acre for it.'"

The evidence shows that in November of 1952 shortly after the fraudulent transaction occurred the leases in question were placed in possession of appellee under an agreement that they were to be security for a loan which appellee had made to appellant. The leases recited only a nominal consideration and did not reveal the purchase price but they did identify the lessors and, therefore, revealed to appellee an authentic source of information as to the price paid if he had desire to investigate.

▇ Appellee Granfus contends that the above testimony of appellant Bigby to the effect that in October, 1953, he told appellee that the leases cost only 50¢ an acre, even if true, showed actual knowledge of the fraud rather than facts which would cause a reasonably prudent person to make an investigation. He urges that this testimony should not be considered or given any probative value on the issue of his diligence to discover the fraud. Ap-

pellee says that appellant's testimony to the effect that appellee had actual knowledge of the fraud was found to be untrue by the answer of the jury to special issue number 11 in which it was found that appellee did not know prior to December 12, 1953, that the leases cost only 50¢ an acre. Appellee's contention is, in effect, that the evidence must be considered together with the jury finding in answer to special issue number 11; that when the evidence is so considered it is conclusively shown appellee did not fail to exercise ordinary care to discover the fraud within the two-year period. Appellee's contention in this regard is not tenable. The question of the existence of evidence to support a jury finding must be resolved wholly from the evidence without reference to findings in answer to other special issues. Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744; Texas & N. O. R. Co. v. Owens, Tex.Civ.App., 54 S.W.2d 848 (Writ Ref.); City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445 (Writ Ref., NRE); Springall v. Fredericksburg Hospital and Clinic, Tex.Civ. App., 225 S.W.2d 232.

▇ The above testimony indicates that Granfus knew of, or at least suspected, appellant's fraudulent action before December 12, 1953. According to Bigby he had been "talking it" around town, and from the leases which he had in his possession he had a source of information from which he could have determined the price of the leases if he had investigated. If the testimony of Bigby was true, appellee had at least been put upon inquiry and was in possession of facts which if pursued with reasonable diligence would have disclosed the fraud. This constituted some evidence that appellee by the exercise of ordinary care should have discovered the fraud perpetrated upon him before December 12, 1953. Where there is some evidence in support of a jury finding, a trial court cannot properly disregard the finding and enter judgment notwithstanding the verdict. Judgment notwithstanding the verdict is proper only in cases where an instructed

verdict would have been justified. Rule 301, Texas Rules of Civil Procedure; Houston Fire & Casualty Ins. Co., v. Walker, 152 Tex. 503, 260 S.W.2d 600; Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762 (Writ Ref.). We sustain appellant's point that the court erred in disregarding the jury's finding in answer to special issue number 12 and rendering judgment for appellee.

By counter-point appellee contends that if it should be held that there was some evidence to support the finding in answer to special issue number 12 and by reason thereof the judgment should be reversed, in that event, judgment should not be rendered against appellee but the cause should be remanded to the trial court with instructions. Appellee urges that he is entitled to present to the trial court in a motion for new trial the contention which appellee here makes and urges that the jury answer to special issue number 12 was against the great weight and preponderance of the evidence. Appellee's counter-point must be sustained. This question was decided in De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 100. In discussing the matter our Supreme Court, speaking through Justice Walker, held as follows:

"We hold, therefore, that in an appeal from a judgment notwithstanding the verdict if the appellee raises by cross points of error questions of great weight and preponderance of the evidence, jury misconduct or other matters which can be presented only in a motion for a new trial, or otherwise informs the appellate court in his brief that he wishes to file a motion for new trial to present such matters to the trial court, the appellate court, in the event it concludes that the trial court erred in rendering judgment notwithstanding the verdict, will reverse and remand the case to the trial court with instructions to enter judgment on the verdict and permit the appellee to file a motion for new trial for the limited purpose of complaining of matters which are thus called to the attention of the appellate court and which could not have been previously presented to and ruled upon by the trial court. Any statements in our former opinions are overruled to the extent they conflict with this holding."

For the reasons stated the judgment of the trial court is reversed and the cause is remanded with instructions to enter judgment for appellant, C. G. Bigby, upon the verdict of the jury and to permit appellee to file a motion for new trial for the limited purpose of asserting that the answer of the jury to special issue number 12 is contrary to the great weight and preponderance of the evidence.