Mrs. Marion W. SEKALY et vir, Appellants,

v.

HILTON CENTER, INC., d/b/a Shamrock Hilton Hotel, Appellee.

No. 3785.

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1960.

On Remittitur Nov. 18, 1960.

Sekaly & Parker, Beaumont, for appellants.

Franklin R. Navarro, Houston, for appellee.

WILSON, Justice.

Plaintiffs in error were defendants in an action on an itemized verified account, in which plaintiff alternatively sued on quantum meruit. Defendants filed an answer but did not appear when the case was called for trial after setting and notice. Judgment was rendered against them as prayed for.

 Points attacking the judgment require a determination of whether there was proof to support it. The record shows evidence was heard. At the request of plaintiffs in error the court filed elaborate findings of fact which support judgment for plaintiff's claim. The record consists of a transcript without a statement of facts. These points thus present nothing for review. Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82; Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W. 2d 600; 3 Tex.Jur.2d, Sec. 452, p. 702. It is also contended that the judgment is erroneous because it recites plaintiff's demand is liquidated and the clerk is directed to assess damages. Under the findings and conclusions filed, the recital is surplusage, and the pleadings support the judgment on a quantum meruit basis.

 Because plaintiff's petition failed to allege presentation of claim as required by Art. 2226, Vernon's Ann.Civ.Stats., it is contended the nihil dicit judgment for attorney's fees is improper. The point is sustained. The petition alleges the account is a valid claim and "at the expiration of thirty days thereafter, the same has not been paid", and that plaintiff agreed to pay a reasonable attorney's fee for necessary services. Although "it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default [judgment]", Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232, 234, "it is essential that the petition show a good cause of action upon which a default judgment can be entered." Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58, 60.

The statute in question is in derogation of common law, is penal in nature and is to be strictly construed. Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493, 501, and cases cited. Rule 90 relating to waiver of defects and omissions in pleadings provides it "shall not apply as to any party against whom a default judgment is rendered." Liberal construction of the pleading does not bring it within the quoted rules. It states no basis for recovery of attorney's fees.

Other points are overruled. The judgment is affirmed on condition of remittitur of the amount of attorney's fees and interest thereon within 10 days from this date, in which event one-fourth of costs on appeal are taxed against defendants in error; otherwise the judgment will be reversed, and the cause remanded.

On Remittitur

Remittitur having been filed in the manner as to which affirmance was conditioned, the judgment is affirmed.