Eddie ETTE, Appellant,

v.

ARLINGTON BANK OF COMMERCE, aka MBank, Appellee.

No. 2–88–157–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 8, 1989.

Donald J. Fleming, Houston, Tex., for appellant.

Paul F. Wieneskie, Arlington, Tex., for appellee.

Before WEAVER, C.J., FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Eddie Ette ("Ette"), sued appellee, Arlington Bank of Commerce ("Bank"), for the Bank's alleged wrongful failure to honor Ette's stop payment request on his personal checking account. Trial was to the court and judgment was rendered that Ette take nothing. We affirm.

In his sole point of error, Ette claims the Bank failed to comply with ordinary and reasonable banking standards by paying the check in question. Ette claimed the Bank paid the check despite a stop payment request and after he was assured by a bank teller that the matter was taken care of. The Bank, by its amended answer, denied Ette's assertions and stated the drawee of the check had presented it for payment to the Bank prior to the time Ette signed his stop payment request.

Ette failed to timely request findings of fact and conclusions of law in the trial court. Ette also failed to timely submit either a statement of facts or motion for extension of time in which to file a statement of facts. Ette did tender a statement of facts after the deadline for filing either the statement of facts or a motion for extension of time.

This court by opinion dated October 5, 1988, found it had no discretion to consider the statement of facts under TEX.R. APP.P. 54(a). On October 18, 1988, we granted the Bank's motion to strike all record references in Ette's brief.

 When there is no statement of facts and findings of fact and conclusions of law are neither properly requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. Only in an exceptional case, i.e. where fundamental error is presented, is an appellant entitled to a reversal of the trial court's judgment. *Houston Fire & Casualty Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600, 603–04 (1953); *White v. Corpus Christi Little Misses Kickball Ass'n*, 526 S.W.2d 766, 768 (Tex. Civ.App.—Corpus Christi 1975, no writ). This is not such an exceptional case. Fundamental error is not presented by the record on appeal. Therefore, every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment rendered in this case by the trial court. *McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649, 653 (Tex.Comm'n App.1935, opinion adopted).

It is not the Bank's responsibility to show this court the judgment of the trial court was correct, but rather it is incumbent upon Ette to bring this court a record that supports his points of error. Since the Bank denied Ette's assertions in its brief, this court cannot accept as true any factual statement made by Ette in his brief. TEX. R.APP.P. 74(f) (formerly TEX.R.CIV.P. 419). Because Ette failed to timely request and file findings of fact and conclusions of law, we must presume from the record before us that there was sufficient evidence to support the trial court's judgment. *Brockette v. Sosa*, 675 S.W.2d 807, 808–09 (Tex.App.—Corpus Christi 1984, no writ). Ette's point of error is overruled.

The judgment of the trial court is affirmed.