Debora **HALAMKA**, Appellant,

v.

Gregory **HALAMKA**, Appellee.

No. 6–90–015–CV.

Court of Appeals of Texas,
Texarkana.

Oct. 9, 1990.

R. David Benavides, Dallas, for appellant.

Michael P. Setty, Pittsburg, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Debora Halamka appeals from a divorce judgment. She complains that the court erred in making its disposition of the property of the parties, that the court's creation of a joint managing conservatorship constituted an abuse of discretion, that the court erred in failing to find tortious conduct by appellee against her, and that there is no evidence to support the court's finding holding her in contempt. We overrule these contentions and affirm the judgment of the trial court.

Gregory and Debora Halamka were married on April 22, 1984, and divorced on October 23, 1989. There are two children of the marriage. Shortly before this marriage, and while Gregory was still married to his previous wife, the parties purchased a house and twenty-four acres in the appellant's name on July 14, 1983. That house was destroyed by fire immediately after appellee filed for divorce.

 Appellant argues that there is no evidence, or in the alternative, insufficient evidence, to support the trial court's findings that they purchased this property jointly. In reviewing the evidence for legal and factual sufficiency, we first examine the record for any probative evidence to support the finding, ignoring all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If we find some probative evidence, we then test the factual sufficiency of that evidence by examining the entire record to determine whether the finding is clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

The appellee testified that they purchased the house together, and the appellant testified that she had contributed half of the down payment. Some evidence supports the trial court's finding that they purchased the property jointly.

 We now turn to the question of its sufficiency. In a case tried before the court, findings of fact have the same force and effect as jury answers to special issues and are treated with the same dignity on appellate review. *De Benavides v. Warren*, 674 S.W.2d 353, 356 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The trier of fact may believe one witness and disbelieve another or may resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986).

 The appellee testified that he and appellant had purchased the house using $5,000.00 which was given to him by his mother as the down payment. He documented withdrawals in that amount at that time by his mother from her savings account and her payment of $1,500.00 to an abstract company. His mother also testified about the gift of cash to her son. He testified that he had paid the entire down payment on the property with this money and that, before his marriage to appellant and before his divorce to his previous wife was final, he had made all payments on the property. The evidence sufficiently supports the trial court's findings that the Halamkas purchased the property jointly.

Appellant also argues that there is no or insufficient evidence to support the trial court's finding that the property must be sold because it could not be partitioned in kind. She does not contend that the trial court had no power to order a partition, but argues at length that the trial court erred in finding that the property was community. The trial court did not find this property to be community. The trial court listed specific property as community, but found that the remains of the house and the twen-

**354**

ty-four acres was separate property jointly purchased prior to marriage.

■ A partitioning of separate property is not a part of a divorce proceeding. TEX. FAM.CODE ANN. § 3.63 (Vernon Supp.1990) authorizes a division "of the estate of the parties." The "estate" to be divided in a divorce proceeding is the community estate. *Duke v. Duke*, 605 S.W.2d 408, 411 (Tex.Civ.App.—El Paso 1980, writ dism'd). To hold that the term "estate of the parties" as used in Section 3.63 encompasses separate as well as community property violates the legislative intent in view of the historic use of the phrase as referring only to community property. *Cameron v. Cameron*, 641 S.W.2d 210, 214 (Tex.1982).

■ The trial court could, however, divide the property in a partition proceeding, and this would be done under the general laws pertaining to partition suits between co-tenants, not under the laws applicable to a divorce action. On appeal, there is no complaint about the partitioning of the separate property, and there is no prohibition against the trial court's considering a partition action concurrently with the divorce proceeding. Applying the laws of a partition action, the trial court determined that the house and twenty-four acres were incapable of partition in kind and that equity required an immediate partition by sale through a receiver appointed by the court. *See* TEX.R.CIV.P. 761, 770.

■ There is no direct testimony that the land was incapable of partition in kind. There was, however, evidence of its location alongside a lake, of the shape of the land, and of the general condition of the property and the remains of the house. The trial court determined that the property should not be divided but that it should be sold and the proceeds divided in order to restore the maximum value of the separate property to its owners. We conclude that the trial court, being in the best position to determine the equities between the parties, had sufficient evidence from which it could determine that the interests of both parties would be best served by selling the property and dividing the proceeds.

The appellant also argues that there is no evidence or insufficient evidence to support the trial court's finding that Alron Investments, Inc. is not a party to this case or a property owned by the community, and that her claims against Alron are not proper in this setting. The company is a corporation which was started more than four years before this marriage. Alron Investments is not a party. Thus, the court did not err in finding that Alron was not a party to this action.

■ Appellant argues that Alron corporate stock was transferred to appellee during their marriage and that if the property was in fact separate, the community estate was due reimbursement for time and money expended in its maintenance. The shareholders agreed in October 1983 to allow the appellee to exercise his option and purchase 3,200 shares of stock. He also purchased his mother's 3,300 shares for $11,000.00. He testified, and the documentary evidence reflects that he obtained these shares in January 1984, before the marriage. However, in appellee's response to a set of interrogatories answered in connection with his previous divorce, he swore otherwise. In these interrogatories, which were admitted into evidence, he swore that in February 1984 he had no interest in Alron and owned no shares therein either directly or indirectly, and that his mother owned 3,300 shares of stock. These statements, taken under oath, are directly contrary to his trial testimony.

The trier of fact in any case may believe one witness and disbelieve others, or resolve inconsistencies in the testimony of any witness, and may accept lay testimony over that of an expert. *McGalliard v. Kuhlmann*, 722 S.W.2d at 697. The trial court had testimony from a witness which directly conflicted with the witness' answers to interrogatories, and obviously chose to believe the testimony. This testimony is sufficient to permit the trial court to find that this stock was the separate property of appellee.

Appellant's other complaints concerning Alron involve an alleged failure to pay her back wages. If back wages are due, they

would be payable by the corporation and not by appellee. The trial court properly refused to consider this issue in connection with the present cause.

■ Appellant further contends that the trial court erred by failing to provide reimbursement to the community estate for the enhancement of the husband's separate property estate. The party claiming the right of reimbursement has the burden of proof. *Vallone v. Vallone,* 644 S.W.2d 455, 458 (Tex.1982).

■ Although an investment in a company partially owned by the husband would probably enhance the value of his separate property interest in that company, it is the sort of enhancement that is extremely difficult to appraise. We have examined the evidence cited by appellant as proof of specific amounts of reimbursement due the community estate. The testimony is general and does not provide information which would allow the trial court to determine what specific amounts, if any, of reimbursement would be appropriate. The appellant also contends that her separate property lake lots were put up as collateral for the benefit of Alron. The trial court correctly found that those lots were her separate property and awarded her all right thereto.

The trial court found that based upon an undetermined community claim for reimbursement for money spent on the petitioner's property, the wife would receive sixty percent of the community estate and the husband would receive forty percent. In the judgment and final decree of divorce, the court found that the community estate was entitled to reimbursement for money expended on specific separate property. However, the court was unable to determine the amount of such reimbursement and decided that the estate should be divided 60–40. The finding of the trial court was not against the great weight and preponderance of the evidence.

■ Appellant further contends that there is no evidence or insufficient evidence to support the trial court's finding that appellee has a net disposable income of $1,800.00 per month. Appellee testified that his net pay was approximately $1,800.00 per month. He testified that his salary at Alron had been reduced to approximately $25,000.00 to $30,000.00 a year, and that he was no longer employed by Alron, but had gone to work with National Business Consultants for an annual salary of $25,000.00. This evidence is sufficient to support the trial court's finding relating to his present income.

■ Appellant contends that the trial court committed a clear abuse of discretion in appointing the parents as joint managing conservators of the children. TEX.FAM. CODE ANN. § 14.021 (Vernon Supp.1990) lists a number of factors the court should consider in determining whether a joint managing conservatorship is appropriate. A trial court has wide discretion in determining the custody of children and its judgment will not be disturbed absent a clear abuse of that discretion. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982).

■ Appellee testified that he lives in a house which is adequate for himself and the children, that he has made arrangements with an older woman to take care of the children while he is at work, that he has a good relationship with the children, and that he has kept the children several times during the pendency of this action. A child protective specialist in Camp County testified that she had observed him with the children and described him as a nurturing parent who tends to the children's needs.

The trial court was in the best position to see and observe the parties and their conduct and demeanor. Therefore, in the absence of an abuse of discretion, the court's holding will not be overruled. *Gillespie v. Gillespie,* 644 S.W.2d at 449; *Watts v. Rutledge,* 211 S.W.2d 995, 998 (Tex.Civ.App.— Eastland 1948, no writ). As there is considerable evidence to support its decision, the trial court did not abuse its discretion in concluding that a joint managing conservatorship was proper.

▪ Appellant contends that the trial court erred in finding the evidence insufficient to support her claim of tortious conduct against her husband. She testified that he had physically attacked her, that he had verbally attacked her, that he had beaten her up in an attorney's office, and that he had broken her wrist. She also testified that he had threatened to burn the house if she refused to sign the divorce papers. The appellee testified that he had probably struck her in self-defense after she attacked him on multiple occasions, that she had broken a window of his car and attacked him, and that she had threatened to kill him. He denied ever beating her, but admitted that he might have injured her in self-defense. There is no corroborating evidence in the form of doctors' reports or medical bills for any physical injuries, despite appellant's testimony that she received medical care. The finder of fact could have determined that the appellee did not inflict any physical injuries on appellant, and the finding was not against the great weight and preponderance of the evidence.

We affirm the judgment of the trial court.