COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-195-CV
 
IN THE INTEREST OF
 
P.H.B.S., A.W.L.S., AND M.G.S.
------------
FROM THE 322
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
INTRODUCTION
This is an appeal from an order
modifying the terms of a prior order as to managing conservatorship in a suit
affecting the parent-child relationship ("SAPCR"). Appellant Gina
Diane Price, appearing pro se, raises nineteen issues concerning this order. We
will affirm.
FACTUAL AND
PROCEDURAL BACKGROUND
Price and Appellee Marvin Bryan
Smith were divorced on October 23, 1996. The agreed decree found that Price and
Smith were the parents of six minor children, and it named Price as the sole
managing conservator and Smith as the possessory conservator of J.P.E.S.,
A.W.L.S., and M.G.S. Additionally, the decree named Smith as the sole managing
conservator and Price as the possessory conservator of H.N.S., G.C.P.S., and
P.H.B.S.
After J.P.E.S. drowned in 1998,
Smith filed a motion to modify and requested that he be appointed the sole
managing conservator of A.W.L.S. and M.G.S. The docket sheet indicates that that
motion was dismissed for want of prosecution on October 20, 1999.(2)
In July 2001, Smith filed another motion to modify, seeking appointment of
himself and Price as joint managing conservators of the remaining minor children
P.H.B.S., A.W.L.S., and M.G.S., with Smith to be named as the primary custodial
parent.(3)
After mediation between the parties
proved unsuccessful, an associate judge held a hearing on Smith's motion on
August 15, 2001; however, Price did not appear. Consequently, the court entered
a temporary modification order, granting the relief requested by Smith. Price
then appealed from the associate judge's order and filed a motion for rehearing,
which was granted. Following a hearing on April 22, 2002 before the 322nd
District Court, the court entered a final order on May 31st
appointing Smith as the sole managing conservator and Price as the possessory
conservator of P.H.B.S., A.W.L.S., and M.G.S. The order also stated that
"[a] record of testimony was made by the official court reporter of the 322nd
District Court." Price did not ask the court to make findings of fact and
conclusions of law.
Price filed a timely notice of
appeal on May 31, 2002 along with an affidavit of indigence. The district clerk
of Tarrant County contested the affidavit of indigence and requested a hearing
on the matter. The court reporter of the 322nd District Court also
contested Price's affidavit. On June 14, 2002, the court held a hearing on the
contest of indigency. Among other matters addressed, the trial court repeatedly
asked Price whether she wanted a reporter's record prepared for her appeal and
informed her of the consequences of ordering versus not ordering the reporter's
record. Price consistently responded that she did not want to order the
reporter's record, but only wanted the court reporter to provide the exhibits
(which she has provided for our review).
Price stated on the record that she
was waiving the requirement that the court reporter produce the reporter's
record from the modification hearing. After the hearing, the court entered an
order overruling the district clerk's and the court reporter's contest, found
that Price was indigent, and it entered another order which stated that
"Gina Price waives the requirement for the reporter to prepare the
reporter's record."(4)
SUBJECT MATTER
JURISDICTION
We first address Prices's
contention that the trial court lacked subject matter jurisdiction over Smith's
2001 motion to modify.(5) See Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). The
supreme court has stated that "[s]ubject matter jurisdiction is never
presumed and cannot be waived." Id. Subject matter jurisdiction
presents a question of law, to which we apply a de novo standard of
review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert.
denied, 526 U.S. 1144 (1999).
Because Smith's motion to modify
was filed after September 1, 1999, the Uniform Child Custody Jurisdiction
Enforcement Act ("UCCJEA") governs. See Act of May 6, 1999,
76th Leg., R.S., ch. 34, § 1, 1999 Tex. Gen. Laws 52, 70;
Allison v. Allison, 3 S.W.3d 211, 212 n.2 (Tex. App.--Corpus Christi 1999,
no pet.). Section 152.202(a) states,

        
 (a) Except as otherwise provided in Section 152.204, a court of this state
 which has made a child custody determination consistent with Section 152.201
 or 152.203 has exclusive continuing jurisdiction over the determination until:
 
 (1) a court of this state
 determines that neither the child, nor the child and one parent, nor the
 child and a person acting as a parent, have a significant connection with
 this state and that substantial evidence is no longer available in this
 state concerning the child's care, protection, training, and personal
 relationships; or
 (2) a court of this state or a
 court of another state determines that the child, the child's parents, and
 any person acting as a parent do not presently reside in this state.
 

Tex. Fam. Code Ann. § 152.202(a)
(Vernon 2002). Smith has continuously resided in Texas since the date of his
divorce from Price. Thus, Texas retains exclusive, continuing jurisdiction in
this case absent a determination made under section 152.202(a)(1). See id.
§ 152.202(a)(1); In re Brilliant, 86 S.W.3d 680, 690-91 (Tex. App.--El
Paso 2002, no pet.); In re Bellamy, 67 S.W.3d 482, 484 (Tex.
App.--Texarkana 2002, no pet.).
We have reviewed the pleadings, the
clerk's record, the reporter's record from the default modification hearing, the
exhibits from the April 22 modification rehearing, and the uncontroverted
assertions of fact in the briefs. See Tex. R. App. P. 38.1(f). While
this is not a complete record of all the pertinent jurisdictional facts, it is
sufficient for us to conclude that the Texas trial court retained subject matter
jurisdiction.
We first note that a Tennessee
court declined to exercise jurisdiction over proceedings initiated by Price
concerning P.H.B.S., A.W.L.S., and M.G.S., finding that "[t]he Tarrant
County Court . . . has exclusive jurisdiction of this cause." A Tennessee
appellate court later dismissed with prejudice Price's appeal in those
proceedings. Price and Smith's six children who were under eighteen at the time
of their divorce had all been born in Texas and resided in Texas up until the
time of the divorce. Thereafter, A.W.L.S. and M.G.S. moved with Price and
resided in a religious commune outside of Lobelville, Tennessee, while P.H.B.S.
remained in Texas with Smith. After the divorce, Smith provided child support to
Price. Additionally, P.H.B.S., A.W.L.S., and M.G.S. were on Smith's insurance
and hospitalization. Letters from Price to Smith indicate that Smith had
arranged for visitation in Texas with A.W.L.S. and M.G.S. in the summers and
during holidays.
According to Smith's testimony at
the default modification hearing, P.H.B.S. resided with him in Texas. School
records from Tennessee indicate, however, that during the 2001-2002 school year,
P.H.B.S., A.W.L.S. and M.G.S. were all enrolled and making satisfactory progress
in a church-related school. Report cards also show that the three children
completed 317 days of school in 1999-2000 in Tennessee. During the default
custody modification hearing, Smith testified that during a summer visit, he had
A.W.L.S. tested by an educational expert. Testing revealed that A.W.L.S. was
four years behind. Smith also testified that M.G.S. was at least a year behind
in her education through her home schooling with her mother.
Smith remarried Kathryn Nell Martin
Smith after his divorce from Price. During the default custody modification
hearing, Kathryn testified that H.N.S. and G.C.P.S. lived in Texas with her and
her husband. Kathryn stated that both H.N.S. and G.C.P.S. have close
relationships with their younger siblings. Kathryn, who was studying for her
Ph.D. in literature and planned on becoming an educator, also testified that
A.W.L.S. and M.G.S. were developmentally behind in terms of their education.
Under the facts of this case, the
evidence demonstrates that the Texas court properly exercised subject matter
jurisdiction over this case. We therefore overrule Price's issues alleging that
the trial court lacked subject matter jurisdiction.
MODIFICATION OF
MANAGING CONSERVATORSHIP
A trial court's order modifying
conservatorship will not be disturbed on appeal unless the complaining party can
show an abuse of discretion. Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982); In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.--Fort
Worth 2002, pet. denied) (op. on reh'g). The family code authorizes a trial
court to modify an order that establishes conservatorship of or possession of
and access to a child if modification would be in the best interest of the child
and:

        
 (1) the circumstances of the child, a conservator, or other party affected by
 the order have materially and substantially changed since the date of the
 rendition of the order;
        
 (2) the child is at least 12 years of age and has filed with the court, in
 writing, the name of the conservator who is the child's preference to have the
 exclusive right to determine the primary residence of the child; or
        
 (3) the conservator who has the exclusive right to establish the primary
 residence of the child has voluntarily relinquished the primary care and
 possession of the child to another person for at least six months.

Tex. Fam. Code Ann. § 156.101
(Vernon 2002).
The best interest of the child
shall always be the court's primary consideration in determining the issue of
managing conservatorship of the child. Tex. Fam. Code Ann. § 153.002 (Vernon
2002); see T.D.C., 91 S.W.3d at 873 (holding best interest of child
remains the court's primary consideration in modifying conservatorship).
Generally, the trial court is given wide latitude in determining the best
interest of a minor child, and its judgment will not be disturbed on appeal
unless the record as a whole shows that the trial court abused its discretion. Gillespie,
644 S.W.2d at 451; Halamka v. Halamka, 799 S.W.2d 351, 355 (Tex.
App.--Texarkana 1990, no writ).
Where no reporter's record is
requested, and no findings of fact or conclusions of law are requested or filed,
the trial court's judgment implies all findings necessary to support it. Zac
Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987), cert.
denied, 484 U.S. 1063 (1988); Houston Fire & Cas. Ins. Co. v.
Walker, 152 Tex. 503, 260 S.W.2d 600, 603 (1953); Ette v. Arlington
Bank of Commerce, 764 S.W.2d 594, 595 (Tex. App.--Fort Worth 1989, no
writ). Further, if an "appellant requests a partial reporter's record, the
appellant must include in the request a statement of the points or issues to be
presented on appeal and will then be limited to those points or issues."
Tex. R. App. P. 34.6(c)(1). In such a case, we "must presume that the
partial reporter's record designated by the parties constitutes the entire
record for purposes of reviewing the stated points or issues." Tex. R. App.
P. 34.6(c)(4); Bennett v. Cochran, 96 S.W.3d 227, 228 (Tex. 2002).
While we are not to apply Rule 34.6
in a rigid fashion, some compliance with the rule is required. See Bennett,
96 S.W.3d at 230 (stating that litigants who ignore the appellate rules run the
risk of forfeiting appellate relief). If only a partial reporter's record is
requested and an appellant completely fails to submit a statement of points or
issues, the presumption arises that the omitted portions support the trial
court's findings. See id. at 229; Richards v. Schion, 969
S.W.2d 131, 133 (Tex. App.--Houston [1st Dist.] 1998, no pet.).
In the case at bar, Appellant only
requested the exhibits from the April 22 modification hearing, and she did not
prepare a list of points or issues in compliance with Rule 34.6(c)(1). See
Tex. R. App. P. 34.6(c)(1). We therefore presume that the omitted portions of
the reporter's record support the trial court's findings. Tex. R. App. P.
34.6(c)(4); Bennett, 96 S.W.3d at 229; Richards, 969 S.W.2d at
133. On this record, we cannot say that the trial court abused its discretion in
modifying the terms of the SAPCR order. See Gillespie, 644
S.W.2d at 451; T.D.C., 91 S.W.3d at 872.
In Appellant's prayer, she requests
that we order the court reporter to prepare a reporter's record if we conclude
that the record is inadequate. We decline to do so because, while Appellant has
cited some authority for some of her issues, she has failed to cite any
applicable authority concerning her nineteen issues under which we could provide
relief. A more complete record would not cure Appellant's failure.
For an issue to be properly before
this court, the issue must be supported by argument and authorities. See
Tex. R. App. P. 38.1(h); Knoll v. Neblett, 966 S.W.2d 622, 639 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied). An appellate brief
must contain appropriate citations to authorities and to the record, and we do
not have a duty to conduct an independent review of the record and applicable
law to determine whether the error complained of occurred. See Tex. R.
App. P. 38.1(h); Hall v. Stephenson, 919 S.W.2d 454, 466-67 (Tex.
App.--Fort Worth 1996, writ denied). Thus, an inadequately briefed issue may be
waived on appeal. Hall, 919 S.W.2d at 467; see also Fredonia State
Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (discussing
"long-standing rule" that issue may be waived due to inadequate
briefing). Furthermore, litigants who represent themselves must comply with
applicable laws and rules of procedure. Scoville v. Shaffer, 9 S.W.3d
201, 204 (Tex. App.--San Antonio 1999, no pet.); Barnett v. City of
Colleyville, 737 S.W.2d 603, 605 (Tex. App.--Fort Worth 1987, writ denied).
Accordingly, we hold that Price has
waived all of her non-jurisdictional issues on appeal, and we overrule them on
that basis. See Tex. R. App. P. 47.1; TXO Prod. Co. v. M.D. Mark,
Inc., 999 S.W.2d 137, 143 (Tex. App.--Houston [14th Dist.] 1999,
pet. denied).
CONCLUSION
Having overruled all of Price's
issues, we affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: GARDNER, DAUPHINOT, and
WALKER, JJ.
DELIVERED: August 26, 2003

1. SeeTex. R. App. P. 47.4.
2. Price asserts in her brief that the parties entered
into an agreement between themselves in which she was designated as the
"sole-custodian" of A.W.L.S., M.G.S., and P.H.B.S. Price alleges that
this contract was executed in Tennessee and "was intended . . . to be in
[]lieu . . . of the proceedings in . . . Texas."
3. Price alleges that Smith breached their 1998 agreement
by filing the 2001 motion to modify.
4. Generally, the rules of appellate procedure provide
that if an appellant is indigent and, therefore, entitled to proceed without
payment of costs, the appellant need not pay for the reporter's record. See
Tex. R. App. P. 20.1(a), 35.3(b)(3).
5. The Texas trial court's final order on Smith's motion
to modify provided, in pertinent part: "The Court, having considered the
pleadings, evidence and argument of counsel, finds that all necessary
prerequisites of the law have been legally satisfied and that this Court has
jurisdiction over the parties and subject matter."