IN RE PHBS, AWLS, AND MJS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-195-CV

IN THE INTEREST OF 

P.H.B.S., A.W.L.S., AND M.G.S.

------------

FROM THE 322
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

This is an appeal from an order modifying the terms of a prior order as to managing conservatorship in a suit affecting the parent-child relationship (“SAPCR”).  Appellant Gina Diane Price, appearing pro se, raises nineteen issues concerning this order.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Price and Appellee Marvin Bryan Smith were divorced on October 23, 1996.  The agreed decree found that Price and Smith were the parents of six minor children, and it named Price as the sole managing conservator and Smith as the possessory conservator of J.P.E.S., A.W.L.S., and M.G.S.  Additionally, the decree named Smith as the sole managing conservator and Price as the possessory conservator of H.N.S., G.C.P.S., and P.H.B.S. 

After J.P.E.S. drowned in 1998, Smith filed a motion to modify and requested that he be appointed the sole managing conservator of A.W.L.S. and M.G.S.  The docket sheet indicates that that motion was dismissed for want of prosecution on October 20, 1999.
(footnote: 2)  In July 2001, Smith filed another motion to modify, seeking appointment of himself and Price as joint managing conservators of the remaining minor children P.H.B.S., A.W.L.S., and M.G.S., with Smith to be named as the primary custodial parent.
(footnote: 3) 

After mediation between the parties proved unsuccessful, an associate judge held a hearing on Smith’s motion on August 15, 2001; however, Price did not appear.  Consequently, the court entered a temporary modification order, granting the relief requested by Smith.  Price then appealed from the associate judge’s order and filed a motion for rehearing, which was granted.  Following a hearing on April 22, 2002 before the 322
nd
 
District Court, the court entered a final order on May 31
st
 appointing Smith as the sole managing conservator and Price as the possessory conservator of P.H.B.S., A.W.L.S., and M.G.S.  The order also stated that “[a] record of testimony was made by the official court reporter of the 322
nd
 District Court.”  Price did not ask the court to make findings of fact and conclusions of law.

Price filed a timely notice of appeal on May 31, 2002 along with an affidavit of indigence.  The district clerk of Tarrant County contested the affidavit of indigence and requested a hearing on the matter.  The court reporter of the 322
nd
 District Court also contested Price’s affidavit.  On June 14, 2002, the court held a hearing on the contest of indigency.  Among other matters addressed, the trial court repeatedly asked Price whether she wanted a reporter’s record prepared for her appeal and informed her of the consequences of ordering versus not ordering the reporter’s record.  Price consistently responded that she did not want to order the reporter’s record, but only wanted the court reporter to provide the exhibits (which she has provided for our review). 

Price stated on the record that she was waiving the requirement that the court reporter produce the reporter’s record from the modification hearing.  After the hearing, the court entered an order overruling the district clerk’s and the court reporter’s contest, found that Price was indigent, and it entered another order which stated that “Gina Price waives the requirement for the reporter to prepare the reporter’s record.”
(footnote: 4) 

SUBJECT MATTER JURISDICTION

We first address Prices’s contention that the trial court lacked subject matter jurisdiction over Smith’s 2001 motion to modify.
(footnote: 5)  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443-44 (Tex. 1993).  The supreme court has stated that “[s]ubject matter jurisdiction is never presumed and cannot be waived.”  
Id
.  Subject matter jurisdiction presents a question of law, to which we apply a 
de novo
 standard of review.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).  

Because Smith’s motion to modify was filed after September 1, 1999, the Uniform Child Custody Jurisdiction Enforcement Act (“UCCJEA”) governs.  
See
 Act of May 6, 1999, 76
th
 Leg., R.S., ch. 34, § 1, 1999 Tex. Gen. Laws 52, 70;
 Allison v. Allison
, 3 S.W.3d 211, 212 n.2 (Tex. App.—Corpus Christi 1999, no pet.).  Section 152.202(a) states,

(a) Except as otherwise provided in Section 152.204, a court of this state which has made a child custody determination consistent with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships;  or

(2) a court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.

Tex. Fam. Code Ann. 
§ 152.202(a) (Vernon 2002).  Smith has continuously resided in Texas since the date of his divorce from Price.  Thus, Texas retains exclusive, continuing jurisdiction in this case absent a determination made under section 152.202(a)(1).  
See
 
id
. § 152.202(a)(1); 
In re Brilliant
, 86 S.W.3d 680, 690-91 (Tex. App.—El Paso 2002, no pet.); 
In re Bellamy
, 67 S.W.3d 482, 484 (Tex. App.—Texarkana 2002, no pet.). 

We have reviewed the pleadings, the clerk’s record, the reporter’s record from the default modification hearing, the exhibits from the April 22 modification rehearing, and the uncontroverted assertions of fact in the briefs. 
See
 
Tex. R. App. P.
 38.1(f).  While this is not a complete record of all the pertinent jurisdictional facts, it is sufficient for us to conclude that the Texas trial court retained subject matter jurisdiction.  

We first note that a Tennessee court declined to exercise jurisdiction over proceedings initiated by Price concerning P.H.B.S., A.W.L.S., and M.G.S., finding that “[t]he Tarrant County Court . . . has exclusive jurisdiction of this cause.”  A Tennessee appellate court later dismissed with prejudice Price’s appeal in those proceedings.  Price and Smith’s six children who were under eighteen at the time of their divorce had all been born in Texas and resided in Texas up until the time of the divorce.  Thereafter, A.W.L.S. and M.G.S. moved with Price and resided in a religious commune outside of Lobelville, Tennessee, while P.H.B.S. remained in Texas with Smith.  After the divorce, Smith provided child support to Price.  Additionally, P.H.B.S., A.W.L.S., and M.G.S. were on Smith’s insurance and hospitalization.  Letters from Price to Smith indicate that Smith had arranged for visitation in Texas with A.W.L.S. and M.G.S. in the summers and during holidays.  

According to Smith’s testimony at the default modification hearing, P.H.B.S. resided with him in Texas.  School records from Tennessee indicate, however, that during the 2001-2002 school year, P.H.B.S., A.W.L.S. and M.G.S. were all enrolled and making satisfactory progress in a church-related school.  Report cards also show that the three children completed 317 days of school in 1999-2000 in Tennessee.  During the default custody modification hearing, Smith testified that during a summer visit, he had A.W.L.S. tested by an educational expert.  Testing revealed that A.W.L.S. was four years behind. Smith also testified that M.G.S. was at least a year behind in her education through her home schooling with her mother.  

Smith remarried Kathryn Nell Martin Smith after his divorce from Price. During the default custody modification hearing, Kathryn testified that H.N.S. and G.C.P.S. lived in Texas with her and her husband.  Kathryn stated that both H.N.S. and G.C.P.S. have close relationships with their younger siblings.  Kathryn, who was studying for her Ph.D. in literature and planned on becoming an educator, also testified that A.W.L.S. and M.G.S. were developmentally behind in terms of their education. 

Under the facts of this case, the evidence demonstrates that the Texas court properly exercised subject matter jurisdiction over this case.  We therefore overrule Price’s issues alleging that the trial court lacked subject matter jurisdiction.

MODIFICATION OF MANAGING CONSERVATORSHIP

A trial court’s order modifying conservatorship will not be disturbed on appeal unless the complaining party can show an abuse of discretion.  
Gillespie v. Gillespie
, 644 S.W.2d 449, 451 (Tex. 1982); 
In re T.D.C.
, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g).  The family code authorizes a trial court to modify an order that establishes conservatorship of or possession of and access to a child if modification would be in the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order; 

(2) the child is at least 12 years of age and has filed with the court, in writing, the name of the conservator who is the child’s preference to have the exclusive right to determine the primary residence of the child; or 

(3) the conservator who has the exclusive right to establish the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

T
EX
. F
AM
. C
ODE
 A
NN
. § 156.101 (Vernon 2002).  

The best interest of the child shall always be the court’s primary consideration in determining the issue of managing conservatorship of the child.  
T
EX
. F
AM
. C
ODE
 A
NN
. § 153.002 (Vernon 2002); 
see T.D.C.
, 91 S.W.3d at 873 (holding best interest of child remains the court’s primary consideration in modifying conservatorship).  Generally, the trial court is given wide latitude in determining the best interest of a minor child, and its judgment will not be disturbed on appeal unless the record as a whole shows that the trial court abused its discretion.  
Gillespie
, 644 S.W.2d at 451; 
Halamka v. Halamka
, 799 S.W.2d 351, 355 (Tex. App.—Texarkana 1990, no writ).

Where no reporter’s record is requested, and no findings of fact or conclusions of law are requested or filed, the trial court’s judgment implies all findings necessary to support it.  
Zac Smith & Co. v. Otis Elevator Co.,
 734 S.W.2d 662, 666 (Tex. 1987), 
cert. denied
, 484 U.S. 1063 (1988); 
Houston Fire & Cas. Ins. Co. v. Walker,
 152 Tex. 503, 260 S.W.2d 600, 603 (1953); 
Ette v. Arlington Bank of Commerce
, 764 S.W.2d 594, 595 (Tex. App.—Fort Worth 1989, no writ).  Further, if an “appellant requests a partial reporter’s record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.”  
Tex. R. App. P. 
34.6(c)(1).  In such a case, we “must presume that the partial reporter’s record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues.”  
Tex. R. App. P.
 34.6(c)(4); 
Bennett v. Cochran
, 96 S.W.3d 227, 228 (Tex. 2002).

While we are not to apply Rule 34.6 in a rigid fashion, some compliance with the rule is required.  
See
 
Bennett
, 96 S.W.3d at 230 (stating that litigants who ignore the appellate rules run the risk of forfeiting appellate relief).  If only a partial reporter’s record is requested and an appellant completely fails to submit a statement of points or issues, the presumption arises that the omitted portions support the trial court’s findings.  
See id
. at 229; 
Richards v. Schion
, 969 S.W.2d 131, 133 (Tex. App.—Houston [1
st
 Dist.] 1998, no pet.).

In the case at bar, Appellant only requested the exhibits from the April 22 modification hearing, and she did not prepare a list of points or issues in compliance with Rule 34.6(c)(1).  
See
 
Tex. R. App. P.
 34.6(c)(1).  We therefore presume that the omitted portions of the reporter’s record support the trial court’s findings.  
Tex. R. App. P.
 34.6(c)(4); 
Bennett
, 96 S.W.3d at 229; 
Richards
, 969 S.W.2d at 133.  On this record, we cannot say that the trial court abused its discretion in modifying the terms of the SAPCR order.
  See
 
Gillespie
, 644 S.W.2d at 451; 
T.D.C.
, 91 S.W.3d at 872
.

In Appellant’s prayer, she requests that we order the court reporter to prepare a reporter’s record if we conclude that the record is inadequate.  We decline to do so because, while Appellant has cited some authority for some of her issues, she has failed to cite any applicable authority concerning her nineteen issues under which we could provide relief.  A more complete record would not cure Appellant’s failure.

For an issue to be properly before this court, the issue must be supported by argument and authorities.  
See
 
Tex. R. App. P.
 38.1(h); 
Knoll v. Neblett
, 966 S.W.2d 622, 639 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. denied).  An appellate brief must contain appropriate citations to authorities and to the record, and we do not have a duty to conduct an independent review of the record and applicable law to determine whether the error complained of occurred.  
See
 
Tex. R. App. P.
 38.1(h); 
Hall v. Stephenson
, 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  Thus, an inadequately briefed issue may be waived on appeal.  
Hall
, 919 S.W.2d at 467; 
see also Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994) (discussing “long-standing rule” that issue may be waived due to inadequate briefing).
  Furthermore, litigants who represent themselves must comply with applicable laws and rules of procedure.  
Scoville v. Shaffer
, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.); 
Barnett v. City of Colleyville
, 737 S.W.2d 603, 605 (Tex. App.—Fort Worth 1987, writ denied)
.

Accordingly, we hold that Price has waived all of her non-jurisdictional issues on appeal, and we overrule them on that basis.  
See
 
Tex. R. App. P.
 47.1; 
TXO Prod. Co. v. M.D. Mark, Inc
., 999 S.W.2d 137, 143 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. denied).

CONCLUSION

Having overruled all of Price’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and WALKER, JJ.

DELIVERED:  August 26, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Price asserts in her brief that the parties entered into an agreement between themselves in which she was designated as the “sole-custodian” of A.W.L.S., M.G.S., and P.H.B.S.  Price alleges that this contract was executed in Tennessee and “was intended . . . to be in []lieu . . . of the proceedings in . . . Texas.” 

3:
Price alleges that Smith breached their 1998 agreement by filing the 2001 motion to modify. 

4:
Generally, the rules of appellate procedure provide that 
if an appellant is indigent and, therefore, entitled to proceed without payment of costs, the appellant need not pay for the reporter’s record.  
See
 Tex. R. App. P.
 20.1(a), 35.3(b)(3).

5:
The Texas trial court’s final order on Smith’s motion to modify provided, in pertinent part: “The Court, having considered the pleadings, evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction over the parties and subject matter.”